A95A1017. CRAWFORD v. SPENCER et al.
(457 SE2d 711)

BIRDSONG, Presiding Judge.

Appellant William T. Crawford appeals from the order of the trial court granting summary judgment to appellees Charles L. Spencer, M.D., Charles L. Spencer, M.D., P.C., Alma F. Jenkins, M.D., and Alma F. Jenkins, M.D., P.C.

Appellee Dr. Spencer was appellant's primary care physician. Dr. Spencer is alleged to have repetitively prescribed a non-steroidal, anti-inflammatory drug, Feldene, for appellant who was being treated for diabetes, hypertension and arthritis. Feldene commonly is used to treat patients with arthritis, but medical indicators apparently exist that it should not be prescribed for patients with peptic ulcers.

Medical records entries by an associate of appellee Spencer make reference to appellant's taking Feldene as early as May 18, 1990, and reflect that a refill for Feldene was prescribed for appellant on August 22, 1990. Although the evidence is in conflict whether appellee Spencer or an associate ordered a change in appellant's medication from Motrin to Feldene, appellant nonetheless was continued on the drug after Dr. Spencer became aware appellant was taking that medication. Evidence of record shows that appellee Spencer became aware of appellant's taking of Feldene in November or early December 1990; at that time, appellant complained of heartburn relieved by Mylanta or Pepto Bismol. On January 31, 1991, appellant complained to Dr. Spencer that he had developed a burning in his chest and stomach; Dr. Spencer suspected the existence of an ulcer and ordered x-rays. The x-rays confirmed the existence of an ulcer, and Dr. Spencer referred appellant to appellee Dr. Jenkins who practices in the area of gastroenterology. On February 18, 1991, Dr. Jenkins examined appellant and confirmed the existence of the ulcer; appellant was advised he had an ulcer on that date. After being informed that appel-

lant was taking medication, which included Feldene, Dr. Jenkins prescribed Carafate and Zantac for the treatment of appellant's ulcer. Appellant resumed his regular scheduled appointments with Dr. Spencer; Dr. Jenkins remained associated as a case consultant. Although appellant continued to complain to Dr. Spencer regarding the stomach pain, he was not told to cease taking Feldene. On or about July 18, 1991, about one month after appellant began to suffer from both stomach pain, nausea, and sleep loss; being unable to contact Dr. Spencer, he transported himself to a local medical emergency center. The physician on duty advised appellant immediately to discontinue use of Feldene as that drug should not be taken with a peptic ulcer. On July 22, 1991, appellant consulted an internal medicine physician who immediately admitted appellant into the hospital and informed him to discontinue his use of Feldene. Apparently, following release from the hospital and until February 1992, appellant received treatment and care from Dr. Jenkins. Appellant filed suit, on July 16, 1993, for various causes of action, including malpractice, negligent infliction of emotional distress and abandonment.

Appellant enumerates the following errors: "The trial court erred in not properly classifying this medical malpractice case as a continuing tort and concluding that the date of injury was as early as February, 1991 and as late as June 18, 1991, as opposed to the date of [appellant/plaintiff's] discovery of injury upon his hospitalization on July 18, 1991" and "in finding that [appellant/plaintiff] failed to file his lawsuit within the statute of limitations pursuant to OCGA § 9-3-71 (a)." *Held*:

1. Appellee Spencer's motion to dismiss the appeal for failure of appellant to comply with Court of Appeals Rule 27 (c) (3) (i) is denied. This court has accepted appellant's supplemental brief which contains citations to the record. Compare *Petkas v. Grizzard*, 253 Ga. 407, 408 (321 SE2d 323). Appellant has attached certain documentary exhibits to his brief; a record cannot be enlarged by an attachment to an appellate brief, and such evidence will not be considered except to the extent it also is a legitimate part of the official trial record. See *Cotton States Mut. Ins. Co. v. Bogan*, 194 Ga. App. 824, 826 (392 SE2d 33); *Johnson v. Wade*, 184 Ga. App. 675, 676 (362 SE2d 469).

2. The applicable summary judgment standard is that of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

3. OCGA § 9-3-71 (a) provides: "Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred."

Appellant correctly contends that this is not an action for medical malpractice based on a misdiagnosis. However, an action for medical malpractice, within the meaning of OCGA § 9-3-71 (a), includes

any claim from damages arising from the death of or injury to any person arising out of "[h]ealth, medical, dental, or surgical service, diagnosis, prescription, treatment, or care rendered by a person authorized by law to perform such service or by any person acting under the supervision and control of the lawfully authorized person[.]" OCGA § 9-3-70 (1). " 'A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be a tort for which a recovery may be had.' [Cits.]" *Frazier v. Davis,* 94 Ga. App. 173, 176 (94 SE2d 51). Thus, this appears to be a claim of medical malpractice based on an averred lack of a reasonable degree of skill and care in the administering of medicine to a patient and/or in the monitoring of the patient's progress with such medication. "The plain language in OCGA § 9-3-71 (a) that the statute of limitation in a medical malpractice action begins to run on the date 'on which an injury . . . arising from [an act of malpractice] occurred' would seem to support the conclusion that the limitation period commences to run on the date of the injury"; that is, it commences on the date when the plaintiff is first injured (*Jones v. Lamon,* 206 Ga. App. 842, 846 (1) (426 SE2d 657); accord *Bryant v. Crider,* 209 Ga. App. 623, 625 (434 SE2d 161)). "This court in *Whitaker v. Zirkle,* 188 Ga. App. 706 (374 SE2d 106) . . . without any analysis of the matter, stated that the date an injury occurs under the statute is . . . 'the date the injury is discovered. . . .' However, it is not necessary to resolve that issue here because, pretermitting whether the time limitation commenced running on the very first day [of plaintiff's injury], the evidence in the case sub judice establishes uncontrovertedly that appellant was aware of [his] injury [*at least before* the end of June 1991, when he] contacted [appellee Spencer] and had been experiencing [stomach pain, nausea, and sleep loss] from which [he] was suffering." *Jones,* supra at 846. Moreover, on February 18, 1991, appellant became aware that he suffered from an ulcer as a result of a diagnosis made by Dr. Jenkins. Even "[t]he fact that appellant did not know the medical *cause* of [his] suffering until a later date does not affect the application of OCGA § 9-3-71 (a) 'when the evidence establishes that appellant's injury *occurred* and had physically manifested itself to [him]' by the earlier date. [Cit.] [Even a] subjective belief that symptoms were due to some other cause unrelated to the alleged negligence does not change the point at which the injury occurred. [Cit.]" *Bryant,* supra at 626; see *Jones,* supra 846; compare *Henry v. Medical Center,* 216 Ga. App. 893 (456 SE2d 216). As the time limitation in OCGA § 9-3-71 (a) commenced to run no later than the end of June 1991 and as this suit was not filed until July 16, 1993, this action was barred by the statute of limitation; accordingly, the trial court did not err in

granting summary judgment on behalf of appellees.

We reject appellant's contention that the continuing tort theory applies in this case so as, in essence, to extend the date when the statute of limitation under OCGA § 9-3-71 (a) commenced to run; application of such a theory would appear to thwart the intent of the legislature in amending OCGA § 9-3-71 (a) in 1985. *Everhart v. Rich's, Inc.*, 229 Ga. 798 (194 SE2d 425); *Bitterman v. Emory Univ.*, 175 Ga. App. 348 (333 SE2d 378); and *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (287 SE2d 252), which are not medical malpractice cases, are distinguishable and not controlling. Compare *Frankel v. Clark*, 213 Ga. App. 222 (444 SE2d 147) where this court rejected the application of the continuing tort theory in a dental malpractice case involving misdiagnosis. We also reject appellant's enticement of this court to expand substantially the period of limitation in medical malpractice cases of this nature by adopting a theory of "continuous treatment." Although the opportunity to do so was presented, the continuing treatment theory was not adopted by a majority of the judges of this court in *Vitner v. Miller*, 208 Ga. App. 306 (430 SE2d 671) (compare majority, specially concurring and dissenting opinions). We again reject that opportunity.

Appellant's various contentions in support of his enumerations of error are without merit. Further, by failing to enumerate and brief the issues concerning the grant of summary judgment as to appellant's claims of negligent infliction of emotional distress and abandonment, appellant has not preserved those issues for appellate review. See generally *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649); Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 17, 1995 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Phyllis A. Watkins*, for appellant.

*Long, Weinberg, Ansley & Wheeler, M. B. Satcher III, Jacquelyn D. Van Tuyl, Sullivan, Hall, Booth & Smith, Henry D. Green, Jr., Mark A. Inman*, for appellees.