A95A0866. ALLEN et al. v. BELINFANTE.
(458 SE2d 867)

BEASLEY, Chief Judge.

Plaintiffs Mr. and Mrs. Allen appeal from the grant of final summary judgment to defendant, oral surgeon Belinfante, in this suit filed against him and E. I. Du Pont de Nemours & Company and Dow Corning Corporation on June 7, 1994. It began with the doctor's June 19, 1986, surgical implantation of Vitek Proplast implants in Mrs. Allen's jaws to correct her temporomandibular joint dysfunction. The suit alleged, as to Dr. Belinfante, medical negligence in failing to no-

tify Mrs. Allen of the serious health risks associated with her implants; improper business purpose/unnecessary treatment; breach of express and implied warranty; and intentional concealment. Mr. Allen claimed loss of consortium. The trial court granted final judgment to Dr. Belinfante on the grounds that plaintiffs' claims against him were barred by the two-year statute of limitation, OCGA § 9-3-71 (a), and the five-year statute of repose, OCGA § 9-3-71 (b).

Plaintiffs focus only on their claims involving medical negligence and concealment. Any challenge to judgment on their remaining theories of recovery is considered abandoned. Even if the additional claims were pursued, the analysis is the same because "[t]he medical malpractice statute of limitation applies to malpractice actions founded upon either tort or contract theories of liability. [Cits.] It applies to all claims arising out of a medical malpractice cause of action. [Cit.] A suit is a medical malpractice action where, . . . , it calls into question the conduct of a professional in his area of expertise. [Cit.]" *Knight v. Sturm*, 212 Ga. App. 391, 392 (2) (442 SE2d 255) (1994).

Plaintiffs' principal contention is that the statutes of limitation and ultimate repose were tolled until June 1993, the date Mrs. Allen alleges she found out from another dentist about her problems, by Dr. Belinfante's constructive fraud in failing to disclose his probable knowledge of problems with the implants. OCGA § 9-3-96. They also urge that the failure to warn is a continuing tort, tolling the statute of limitation; that their affidavits submitted in conjunction with their supplemental brief in opposition to the doctor's motion to dismiss were improperly excluded; and that any question as to whether the expert affidavit filed with their complaint complies with OCGA § 9-11-9.1 is frivolous.

1. First, plaintiffs' expert affidavit was sufficient.

In his original motion to dismiss, Dr. Belinfante maintained that the Allens' affidavit was defective because it failed to specifically identify at least one negligent act or omission and the factual basis for it.

The affidavit of dentist Sommercorn stated that Dr. Belinfante failed to exercise the minimum degree of care and skill by failing in a timely manner to provide Mrs. Allen with notice of the serious health risks and known problems associated with the interpositional implants. This was based on Sommercorn's examination of Mrs. Allen's medical records and her finding no indication that Dr. Belinfante had ever provided Allen with such notice, including an FDA public health alert. Since the gist of the alleged tort was omission, the failure to find affirmative evidence of notice provided sufficient factual support for the alleged negligent act. See *Crook v. Funk*, 214 Ga. App. 213, 214 (447 SE2d 60) (1994), which discusses the purpose of the OCGA

§ 9-11-9.1 affidavit and proper construction to be given to it.

2. The court erred in granting Dr. Belinfante's motion to strike from consideration the Allens' supplemental brief in opposition to his motion to dismiss and the opposing affidavits of Mrs. Allen and expert Captline on the basis that they were untimely filed. The documents, which were filed the Friday afternoon before the Monday morning hearing, were timely. In *Wyse v. Potamkin Chrysler-Plymouth*, 189 Ga. App. 64, 65 (1) (374 SE2d 785) (1988) a response filed the day before the hearing date was held to be timely without consideration of the time of day of the filing, that is, whether or not the period of time was 24 hours.

3. Dr. Belinfante failed to show that plaintiffs' suit was time-barred.

Plaintiffs argue that their suit is timely due to a tolling of the period of limitation because of alleged actual or constructive fraud occurring within two years of the surgery or, alternatively, that there was a continuing tort. Survival of their cause does not rest upon either a tolling of the two-year time frame following the surgery or application of the doctrine of a continuing tort, the viability of which has been questioned in light of legislative changes. See *Parker v. Vaughan*, 124 Ga. App. 300 (183 SE2d 605) (1971), which adopted the theory of a continuing tort when a foreign object is left in the body; see also *Clark v. Mem. Hosp.*, 145 Ga. App. 305 (243 SE2d 695) (1978); *Crawford v. Spencer*, 217 Ga. App. 446 (457 SE2d 711) (1995).

Plaintiffs' cause is the failure to warn or give notice of the danger of the implants. This tort is alleged to have occurred at three specific times: the time of surgery in 1986, the time of the FDA alert in December 1990, and the time of examination of Mrs. Allen in 1992 or 1993. See *Vitner v. Miller*, 208 Ga. App. 306 (430 SE2d 671) (1993), which involved separate alleged tortious acts occurring during a course of treatment.

Plaintiffs maintain that the doctor's affidavit testimony and his subsequent deposition testimony provide a reasonable inference that the doctor "may have had knowledge" of the problems with the implants before 1990. The deposition testimony plaintiffs point to is not supportive. At most, Belinfante stated in his deposition that he was aware of some "corridor talk" or "anecdotal information" but that he also knew that numbers of doctors were not having any problems with the implants. Even this knowledge of rumor appears not to have occurred before 1990.

Nor can plaintiffs impute knowledge to Belinfante by their documentary evidence and expert opinion that he should have earlier known or suspected the problems. The affidavit of plaintiffs' expert, Dr. Captline (D.M.D. and J.D.), which was improperly excluded by the trial court, does not accomplish this. Dr. Captline's affidavit states

that serious questions regarding the effectiveness and safety of the implants were generally known to oral surgeons in June 1986; he cites in support an article appearing in a professional journal. The date on the article is August 1987, i.e., after Mrs. Allen's surgery. Secondly, although the article discusses certain problems with the implants, it concludes that a high percentage of cases were considered by both patient and surgeon to be essentially successful, and it does not suggest that utilization of the implants is professionally negligent.

Captline states that Belinfante "almost certainly" received information by mail in 1987 regarding serious questions about the inappropriateness of the synthetic implant procedure, but does not reference any specific document or provide any factual support for this speculation. There is a document of record dated October 1986 from the president and chairman of Vitek and generically addressed to "dear doctor" which discusses certain findings involved with the implant procedure, but it does not contraindicate its use. Captline also states that in June 1986, the standard of care for oral surgeons required Belinfante to offer Mrs. Allen, as then a prospective implant recipient, conservative treatment. The evidence shows that Mrs. Allen underwent considerable conservative treatment prior to her surgery. There is no evidence that at the time of the surgery on Mrs. Allen or until the FDA alert in 1990, Belinfante knew or had reason to know of the potential for problems which would make the surgical procedure or the failure to warn of it an act of medical negligence.

The complaint of failure to warn at the time of the December 28, 1990, FDA alert fails as well. First, Belinfante testified that he notified his patients. Second, in Mrs. Allen's affidavit she refers to post-surgical visits through 1990 but gives no indication whether or not the last visit was after the time of the FDA alert. Giving plaintiffs the benefit of all favorable inferences and assuming it was, the evidence arguably raises a question of negligence but does not raise an issue of fraud such as would have tolled the time for filing suit until 1994.

Nevertheless, it was error to dismiss the suit, because of Dr. Belinfante's admitted examination of Mrs. Allen in 1993 and the disputed evidence about the treatment and information given at that time. Belinfante testified that during this examination he took X-rays, saw no gross pathology, advised that Mrs. Allen needed her bite adjusted, gave her information on the implants, and told her to return every three or four months to be checked. In contradiction, Mrs. Allen averred that in spite of her continuing problems with infections and jaw joint pain, at no time, including examinations in 1992 or 1993, did Dr. Belinfante advise her of any known or suspected health problems or hazards associated with the implants. The factfinder must determine whether or not, during the 1993 examination or examinations of Mrs. Allen, Dr. Belinfante breached the required pro-

fessional standard of care by failing to warn of the then known dangers associated with Mrs. Allen's implants.

Summary judgment to Dr. Belinfante on the Allens' claims based upon his alleged medical negligence in 1993 was not authorized.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 26, 1995 —
RECONSIDERATION DENIED JULY 10, 1995 — 

*Alexander J. Repasky, David M. Toolan,* for appellants.
*Smith, Gambrell & Russell, Matthew S. Coles,* for appellee.