A95A1987. FORD v. DOVE et al.
(463 SE2d 351)

BIRDSONG, Presiding Judge.

Appellant/defendant William C. Ford, M. D. was granted an interlocutory review of the order of the superior court denying his motion for partial summary judgment.

On March 5, 1993, appellee/plaintiff Hester Dove, as administratrix of the estate of Robert L. Dove and as deceased's surviving spouse, filed suit for medical malpractice; the complaint alleged one cause of action on behalf of the estate and a wrongful death claim on behalf of appellee surviving spouse. Appellee asserts that appellant misdiagnosed deceased's kidney cancer (initial misdiagnosis being some four years prior to the filing of suit) and therefore had engaged in medical negligence in his treatment of deceased. Appellant answered denying the claims and filed a motion for partial summary judgment as to the estate claims on the ground that suit was barred

by expiration of the applicable statute of limitation; the motion was denied.

The expert affidavit filed in support of the complaint asserts appellant was negligent, inter alia, on March 6, 1989, in failing to take an x-ray of Mr. Dove's kidney "to rule out kidney cancer at the time occult blood in urine was first noted with associated lower back pain" and in negligently failing to take any follow-up urinalysis for two years after the occult blood was first noticed in Mr. Dove's urine. It is also opined in the expert's affidavit that "the failure of Dr. Ford to exercise the [requisite] standard of care in treating Mr. Dove . . . directly and proximately caused Mr. Dove to die as a result of a *metastasized* cancerous left kidney tumor *which could have been removed without complications* had a timely diagnosis been made." (Emphasis supplied.) Appellant's sole enumeration is that the trial court erred in denying appellant's motion for partial summary judgment as to the estate claims based upon the running of the statute of limitation, as appellee filed suit more than two years after the date on which appellee contends the symptoms of kidney cancer were physically manifested to the deceased. *Held*:

1. The applicable summary judgment standard where appellant is the movant/defendant is that of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843). However, where the party opposing the motion presents contradictory testimony for which no reasonable explanation is provided, the contradictory testimony rule of *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) applies. Appellees/plaintiffs presented the medical opinion of their expert in affidavit form that, on March 6, 1989, the deceased's cancer had not metastasized and was curable if timely treated and that the cancer did not metastasize until a period of months or even more than a year from that date. However, the medical expert gave unexplained contradictory testimony by way of deposition admitting that he could not make an assessment of the size and extent of the deceased's tumor in March 1989 and that he did not know when the tumor started. He further conceded that there was no way to assess the size of the cancer in 1989 when the deceased was found to have an abnormal urinalysis and that he did not know if there was any nodal involvement or distant seeding at that time. This deposition testimony contradicts the opinion expressed in the expert's affidavit that the deceased's cancer had not metastasized and was curable on March 6, 1989. Applying the rule of *Prophecy Corp.*, supra, we conclude that

the viable evidence at best establishes that a tumor of unknown size and indeterminable extent existed in the deceased in March 1989.

2. We decline to apply the continuous tort theory in this case so as, in essence, to extend the date when the statute of limitation under OCGA § 9-3-71 (a) would commence to run; "application of such a theory would appear to thwart the intent of the legislature in amending OCGA § 9-3-71 (a) in 1985." *Crawford v. Spencer*, 217 Ga. App. 446, 449 (3) (457 SE2d 711). We further decline to adopt any theory of "continuous treatment" as a vehicle for judicially legislating a change to the applicable statute of limitation. Id.

3. OCGA § 9-3-71 (a) requires that a medical malpractice action must be brought within two years after the date on which an injury arising from a negligent or wrongful act or omission occurred. See *Crowe v. Humana*, 263 Ga. 833 (1) (439 SE2d 654). "[I]nitiating the period of limitation in a medical malpractice action when the alleged *negligence* is first discovered would be contrary to the plain language of §§ 9-3-71 and 9-3-73." Id. at 834. As a general rule, in most misdiagnosis cases, " 'the injury begins immediately upon the misdiagnosis due to the pain, suffering, or economic loss sustained by the patient from the time of the misdiagnosis until the medical problem is properly diagnosed and treated. The misdiagnosis itself is the injury and not the subsequent discovery of the proper diagnosis' "; thus, the fact that the patient did not know the medical cause of his suffering does not affect the applicability of OCGA § 9-3-71 (a) (*Frankel v. Clark*, 213 Ga. App. 222, 223 (444 SE2d 147)). However, an exception to the general rule was created in *Whitaker v. Zirkle*, 188 Ga. App. 706 (374 SE2d 106) where, after misdiagnosis of the presence of cancer in a mole on Mrs. Zirkle's back, no additional symptoms were manifested until some seven years after the initial misdiagnosis, which was shortly before the cancer was properly diagnosed and after metastasis had occurred of cancerous cells which remained at the site of the removed mole. In *Whitaker*, supra at 708, it was held: "Plaintiffs do not allege the misdiagnosis caused Mrs. Zirkle to have cancer; the basis of plaintiffs' claims is that she had cancer all along. The injury complained of is the subsequent metastasis of cancerous cells which remained at the site where the mole was removed. The subsequent metastasis allegedly would not have occurred if the cancer had been properly diagnosed and treated at the time of the original biopsy. When an injury occurs subsequent to the date of medical treatment, the statute of limitation commences from the date the injury is discovered. [Cit.] Expert testimony submitted by plaintiffs creates an issue as to whether the melanoma which was present in 1978 was localized and unmetastasized. If so, then plaintiff's injury — the subsequent metastasis — occurred at some later date and was first discovered in 1985." The holding in *Whitaker*, supra, was criticized by the

majority in the en banc case of *Jones v. Lamon*, 206 Ga. App. 842, 846 (1) (426 SE2d 657), as concluding without any analysis, that the date an injury occurs under OCGA § 9-3-71 (a) is the date the injury is discovered; however, the majority found it unnecessary in view of the facts before it to resolve the apparent discrepancy between *Whitaker* and the plain language of the statute. See also *Stone v. Radiology Svcs.*, 206 Ga. App. 851 (426 SE2d 663).

Likewise, we need not resolve this apparent discrepancy in the case at bar; *Whitaker*, supra, is factually distinguishable on at least two separate and critical grounds. First, unlike *Whitaker*, there exists no viable evidence in this case, after the rule of *Prophecy Corp.* has been applied, which establishes that the cancer had not already metastasized in March 1989. Secondly, in *Whitaker*, the plaintiff suffered no further symptoms of the cancer until shortly before it was properly diagnosed some seven years after the initial misdiagnosis; no similar fact pattern exists in this case.

Although not directly in point factually, we find the precedent of *Jones*, supra, persuasive in the disposition of this case. The record establishes that the deceased's injury occurred and had physically manifested itself to him at least four months before March 8, 1991; the kidney cancer was ultimately diagnosed by another doctor on March 9, 1991. This is established, without contradiction, by the forthright deposition testimony of deceased's wife, Mrs. Dove. This evidence establishes that the deceased's injury had occurred and he had physically manifested symptoms of kidney cancer more than two years before suit was filed. Compare *Jones*, supra at 846 (1). Any subjective belief deceased may have harbored that his suffering stemmed from arthritis or some other cause unrelated to appellant's alleged negligence does not change the fact that his injury occurred at least four months before March 8, 1991. Id. The fact that the deceased did not know the medical cause of his suffering did not affect the application of OCGA § 9-3-71 (a) when the evidence of record, including appellee's admission in judicio in the pleadings, established that his injury had occurred and had physically manifested itself to him several months before March 1991. *Henry v. Med. Center*, 216 Ga. App. 893, 894 (2) (456 SE2d 216); compare *Frankel*, supra, citing *Zechmann v. Thigpen*, 210 Ga. App. 726, 728 (3) (437 SE2d 475). "A subjective belief that symptoms were due to some other cause unrelated to the alleged negligence does not change the point at which the injury occurred." *Bryant v. Crider*, 209 Ga. App. 623, 626 (3) (434 SE2d 161).

Accordingly, we conclude the applicable statute of limitation had expired in this case, and appellant was entitled to partial summary judgment as to the estate claims.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED OCTOBER 12, 1995 —
RECONSIDERATION DENIED OCTOBER 26, 1995 —

*Blasingame, Burch, Garrard & Bryant, Gary B. Blasingame, J. Ralph Beaird, Amy L. King, Milton F. Eisenberg II*, for appellant.
*Robert C. Koski*, for appellees.