## S01G0589. YOUNG et al. v. WILLIAMS.

(560 SE2d 690)

BENHAM, Justice.

On October 28, 1998, appellee Margaret Williams filed a medical malpractice action against appellants Dr. Devell R. Young and his professional corporation, alleging Dr. Young had failed to diagnose dislocated bones in her left foot. The trial court granted summary judgment to the defendants/appellants on the ground that the two-year statute of limitation applicable to medical malpractice actions barred the action. OCGA § 9-3-71 (a). On appeal, the Court of Appeals adopted the "continuous treatment doctrine" in medical malpractice actions based on misdiagnosis and reversed the trial court's judgment because there was a question of fact whether Dr. Young had treated Ms. Williams in the two years preceding the filing of her lawsuit. *Williams v. Young*, 247 Ga. App. 337 (543 SE2d 737) (2000). We granted appellants' petition for a writ of certiorari to examine the Court of Appeals' introduction of the continuous treatment doctrine into malpractice actions in Georgia.[1]

Appellee, who suffers from diabetes, first sought treatment from Dr. Young for swelling and pain in her left ankle and foot in September 1995. In June 1996, Dr. Young prescribed a lymph edema foot pump. In response to appellee's repeated complaints about her foot, Dr. Young told her on September 30, 1996, that her condition was a permanent one with which she had to live. Five weeks later, in early November 1996, appellee saw another physician about her foot. The second physician took an x-ray of appellee's foot and diagnosed a dislocation of her talonavicular joint with subluxation of the calcaneal cuboid joint of the ankle. Thereafter, appellee telephonically informed Dr. Young of the second physician's diagnosis. The second physician performed surgery in December 1996 to repair the three dislocated bones, and Dr. Young saw appellee with regard to her diabetes during her hospital stay following the surgery. Appellee filed

---

[1] In granting the petition for writ of certiorari, we asked the parties: Did the Court of Appeals correctly adopt the doctrine of "continuous treatment" in medical malpractice cases involving misdiagnosis, thus deeming the negligent act to continue as long as the patient remains under the physician's care for the particular disease or condition, for purposes of the applicable statute of limitation, OCGA § 9-3-71 (a)?

her complaint alleging medical malpractice/failure to diagnose on the part of Dr. Young one year and 51 weeks after the second physician's diagnosis.

OCGA § 9-3-71 (a) provides that "an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." It was enacted in 1985 after this Court ruled that its predecessor, under which the period of limitation commenced on the date on which the negligent or wrongful act occurred, was an unconstitutional denial of equal protection when the injury or death did not occur within two years of the negligent act. *Shessel v. Stroup*, 253 Ga. 56 (316 SE2d 155) (1984); *Clark v. Singer*, 250 Ga. 470 (298 SE2d 484) (1983).[2] The "continuous treatment" doctrine adopted by the Court of Appeals in the case at bar modifies the statute of limitation by changing its commencement from the date on which the injury occurred to the date on which "treatment by the doctor for the particular disease or condition involved has terminated — unless during treatment the patient learns or should learn of negligence, in which case the statute runs from the time of discovery. . . ." *Williams v. Young*, 247 Ga. App. at 340.

In order to make the continuous treatment doctrine part of the statute of limitation in medical malpractice cases alleging misdiagnosis, the Court of Appeals overruled cases in which that court had declined to adopt the doctrine in medical malpractice cases in general (*Crawford v. Spencer*, 217 Ga. App. 446, 449 (457 SE2d 711) (1995)), and in "misdiagnosis" medical malpractice cases. *Ford v. Dove*, 218 Ga. App. 828 (2) (463 SE2d 351) (1995). We endorsed the Court of Appeals' refusal to adopt the continuous treatment doctrine when we cited *Ford* and *Crawford* in support of our express declination to adopt the "continuing representation rule" to modify the commencement of the statute of limitation in legal malpractice claims. *Hunter, Maclean, Exley & Dunn v. Frame*, 269 Ga. 844, 849 (507 SE2d 411) (1998). In point of fact, the continuous treatment doctrine, which "deems that the *negligent act* . . . continues as long as the patient remains under the physician's care" (*Williams v. Young*, supra, 247 Ga. App. at 341) (emphasis supplied), is more appropriately incorporated into a statute of limitation that commences upon the occurrence of the negligent act. See, e.g., *Lane v. Lane*, 295 Ark. 671 (752 SW2d 25) (1988) and Ark. Code Ann. § 16-114-203 (1987), which provides for a two-year statute of limitation that commences when the cause of action accrues, "which shall be the date of the wrongful act

---

[2] In those cases, the Court labeled as arbitrary and without rational basis the imposition of a period of limitation which could be exhausted before the cause of action accrued. Id., 253 Ga. at 58; 250 Ga. at 472.

complained of and no other time"; *Comstock v. Collier*, 737 P2d 845 (Colo. 1987) (Colorado's period of repose, Colo. Rev. Stat. § 13-80-105 (1), commences with the act or omission giving rise to the malpractice action); *Thatcher v. De Tar*, 173 SW2d 760 (Mo. 1943), and Mo. Rev. Stat. Ann. § 1016 (1939), which stated suit had to be filed within two years of the act of negligence complained of; *Kern v. St. Joseph Hospital*, 102 N.M. 452 (697 P2d 135) (1985), and N.M. Stat. Ann., § 41-5-13 (1978), which states that a claim must be filed "within three years after the date that the act of malpractice occurred"; *Borgia v. City of New York*, 12 NY2d 151 (187 NE2d 777) (1962), where notice of claim was required to be given within 90 days after a claim "accrued," and court, rather than construing "accrued" to be the date of the negligent act, construed it to be the end of a continuous course of treatment; *Ballenger v. Crowell*, 38 N.C. App. 50 (247 SE2d 287) (1978), where statute of limitation required suit to be filed within three years of the negligent conduct; *Bixler v. Bowman*, 94 Wn.2d 146 (614 P2d 1290) (1980), where an action against a physician for professional negligence had to be commenced within three years of the date of the alleged wrongful act; and *Metzger v. Kalke*, 709 P2d 414 (Wyo. 1985), where a medical malpractice action had to be initiated within two years of the wrongful act or omission, with some exceptions. See also *Farley v. Goode*, 219 Va. 969 (252 SE2d 594) (1979), where Va. Code Ann. § 8.01-243 (A) states that a case must be brought within two years of the accrual of the right to bring suit and the cause of action accrues when the physician's improper exam and treatment for the malady complained of terminates; Tex. Rev. Civ. Stat. Art. 4590i (J) (§ 10.01), which states that a health care liability claim must be commenced within two years of the occurrence of the breach or the tort or within two years of the completion of the medical or health-care treatment that is the subject of the complaint. While Georgia had such a medical malpractice statute of limitation from 1976-1985, the period of limitation under the current statute begins with the occurrence of an injury, not the performance of a negligent act.

A statute of limitation has as its purpose the limiting of the time period in which an action may be brought, thereby providing a date certain after which potential defendants can no longer be held liable for claims brought on such actions. *U. S. Fidelity &c. Co. v. Rome Concrete Pipe Co.*, 256 Ga. 661, 663 (353 SE2d 15) (1987). It is "a procedural rule limiting the time in which a party may bring an action for a right which has already accrued." *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657 (2) (437 SE2d 308) (1993). "[P]rescribing periods of limitation is a legislative, not a judicial, function. . . ." *Hunter, Maclean &c. v. Frame*, supra, 269 Ga. at 846. The General Assembly has determined that medical malpractice actions must be filed

within two years of the occurrence of injury or death arising from a negligent or wrongful act or omission. OCGA § 9-3-71 (a). The legislatively-prescribed statute of limitation does not provide for the commencement of the period of limitation upon the termination of the health-care provider's treatment of the patient, and the judicial branch is not empowered to engraft such a provision on to what the legislature has enacted. Accordingly, we reverse the judgment of the Court of Appeals that resulted from the court's adoption of the continuous treatment doctrine, and we remand the case to the Court of Appeals for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

CARLEY, Justice, concurring.

Although a recognition of the "continuous treatment" theory in medical malpractice cases certainly has much to commend it, I am compelled to agree with the majority for the reasons set forth hereinafter. Since 1985, the period of limitations for medical negligence cases starts on the date that the injury or death occurs. Thus, the focus of current law is on the adverse consequences of the allegedly negligent acts without regard to when the negligent act occurred, the ensuing course of treatment, or discovery by the patient. In construing the existing law, this Court has rejected the comparable "continuing representation" theory in legal malpractice cases. *Hunter, Maclean, Exley & Dunn v. Frame*, 269 Ga. 844 (507 SE2d 411) (1998). Thus, adherence to the doctrines of stare decisis and separation of powers requires that we reject that principle in medical malpractice cases, and await a legislative response. See *Abernathy v. City of Albany*, 269 Ga. 88 (495 SE2d 13) (1998).

We are reversing the Court of Appeals' reversal of Dr. Young's motion for summary judgment pursuant to the inapplicable "continuing treatment" theory, but we are not affirming the trial court's grant of that motion based upon a proper analysis under OCGA § 9-3-71 (a). Instead, we are remanding the case for "further proceedings consistent with this opinion." Upon remand, the Court of Appeals must, therefore, determine when the statute of limitations began to run on Ms. Williams' misdiagnosis claim and whether she filed her action within two years of that date. See *Walker v. Melton*, 227 Ga. App. 149, 150 (1) (b) (489 SE2d 63) (1997).

I am authorized to state that Presiding Justice Sears and Justice Hunstein join in this opinion.

DECIDED MARCH 11, 2002.

*Watson, Spence, Lowe & Chambless, Thomas S. Chambless, Dawn G. Benson, Charles K. Wainright II*, for appellants.

*Greer, Klosik & Daugherty, Frank J. Klosik, Jr., Robert J. McCune*, for appellee.