A00A1393. WILLIAMS v. DEVELL R. YOUNG, M.D., P.C. et al.
(575 SE2d 648)

POPE, Senior Appellate Judge.

The procedural history of this case is lengthy. On October 28, 1998, Margaret Williams filed a medical malpractice action against Dr. Devell R. Young and his professional corporation, alleging that Dr. Young had failed to diagnose dislocated bones in her left foot. The Dougherty County Superior Court granted summary judgment to the defendants, and Williams appealed.

In *Williams v. Devell R. Young, M.D., P.C.*, 247 Ga. App. 337 (543 SE2d 737) (2000), overruled by *Young v. Williams*, 274 Ga. 845 (560

---

[18] *Daniels v. State*, 238 Ga. App. 511, 521 (3) (e) (519 SE2d 269) (1999).
[19] *Watkins v. State*, 206 Ga. App. 575, 576 (2) (426 SE2d 26) (1992).

SE2d 690) (2002), this Court adopted the "continuous treatment" doctrine and reversed the trial court's grant of summary judgment, concluding that there was a factual issue as to whether Dr. Young had treated Williams in the two years preceding the filing of her lawsuit.

The Supreme Court granted the defendants' petition for a writ of certiorari to examine this Court's adoption of the continuous treatment doctrine for malpractice actions. In *Young v. Williams*, 274 Ga. at 845, the Supreme Court reversed this Court's decision, concluding that under OCGA § 9-3-71 (a), the period of limitation "begins with the occurrence of an injury, not the performance of a negligent act." Id. at 847. Furthermore, the Supreme Court found that the task of prescribing periods of limitation was a legislative, not a judicial, function. Id. at 848, citing *Hunter, Maclean, Exley & Dunn v. Frame*, 269 Ga. 844, 849 (507 SE2d 411) (1998). Accordingly, the Court reversed this Court's decision to adopt the continuous treatment doctrine and remanded the case for proceedings consistent with its opinion. Based on the Supreme Court's decision, we vacate our earlier decision, and the judgment of the Supreme Court is made the judgment of this Court.

We now turn to Williams' sole enumeration of error in which she argues that the trial court erred in granting the defendants' motion for summary judgment on the basis that the suit was barred by the statute of limitation.

To repeat the factual context out of which this case arose:

[Williams,] who suffers from diabetes, first sought treatment from Dr. Young for swelling and pain in her left ankle and foot in September 1995. In June 1996, Dr. Young prescribed a lymph edema foot pump. In response to appellee's repeated complaints about her foot, Dr. Young told her on September 30, 1996, that her condition was a permanent one with which she had to live. Five weeks later, in early November 1996, appellee saw another physician about her foot. The second physician took an x-ray of appellee's foot and diagnosed a dislocation of her talonavicular joint with subluxation of the calcaneal cuboid joint of the ankle. Thereafter, appellee telephonically informed Dr. Young of the second physician's diagnosis. The second physician performed surgery in December 1996 to repair the three dislocated bones, and Dr. Young saw appellee with regard to her diabetes during her hospital stay following the surgery. Appellee filed her complaint alleging medical malpractice/failure to diagnose on the part of Dr. Young. . . .

*Young v. Williams*, 274 Ga. at 845-846.

In contending that the trial court erred in granting the motion for summary judgment, Williams claims that the trial court failed to recognize that her telephone consultations with Dr. Young about her injuries and her course of treatment constituted medical care and established the correct date from which the statute of limitation began running. In this regard, she argues that until November 6, 1996, she consulted with Dr. Young about her foot and leg and that on that date he was still providing care and medical opinions to her. Under this argument, Williams contends, the statute of limitation had not expired when she filed her complaint on October 28, 1998. Alternatively, she contends that the November 6, 1996 telephonic consultation with Dr. Young was the date of her injury.

As reiterated by the Supreme Court in *Young v. Williams*, 274 Ga. at 846, the limitation period set forth in OCGA § 9-3-71 (a) runs from the date of injury. Likewise:

> in general, in most misdiagnosis cases, the injury begins immediately upon the misdiagnosis due to the pain, suffering, or economic loss sustained by the patient from the time of the misdiagnosis until the medical problem is properly diagnosed and treated. The misdiagnosis itself is the injury and not the subsequent discovery of the proper diagnosis; thus, the fact that the patient did not know the medical cause of his suffering does not affect the applicability of OCGA § 9-3-71 (a). (Citations and punctuation omitted.) [Cits.]

*Hughley v. Frazier*, 254 Ga. App. 544, 546 (1) (562 SE2d 821) (2002).[1]

Nevertheless, in *Whitaker v. Zirkle*, 188 Ga. App. 706, 708 (1) (374 SE2d 106) (1988), this Court created a limited exception to the general rule that in misdiagnosis cases the injury is the misdiagnosis itself. In *Whitaker*, the plaintiff claimed that she had cancer which was undiagnosed and resulted in the subsequent metastasis of cancerous cells. The Court concluded that "[w]hen an injury occurs subsequent to the date of medical treatment, the statute of limitation commences from the date the injury is discovered. [Cit.]" Id. at 708 (1). Accordingly, this Court concluded that questions of fact existed as to whether the subsequent metastasis was a separate injury. Similarly, in *Walker v. Melton*, 227 Ga. App. 149, 151 (1) (489 SE2d 63) (1997), this Court stated that "[w]hen a misdiagnosis results in subsequent injury that is difficult or impossible to date precisely, the statute of limitation runs from the date symptoms attributable to the new injury are manifest to the plaintiff." (Citations omitted.)

---

[1] We decline to overrule the misdiagnosis law, as the amicus curiae brief urges us to do.

Unlike the situation in *Whitaker* and *Walker*, the evidence in this case established only that Williams had been continuously experiencing discomfort, pain and swelling in her foot and ankle throughout Dr. Young's treatment of her. In fact in the medical affidavit which she filed with her complaint, the expert notes that Williams sought treatment from Dr. Young on September 29, 1995, complaining of swelling of her feet and ankles. Williams testified that the pain had intensified dramatically by January 1996 and that the pain was continuous throughout 1996. The swelling continued until it reached up into her groin area; the swelling in her groin area was present when Williams last saw Dr. Young on September 30, 1996. In fact, there was even evidence that in response to her repeated complaints about her foot, Dr. Young told Williams on September 30, 1996, that her condition was a permanent one that she would have to live with. Accordingly, in this case, any injury Williams may have sustained occurred at the time of the misdiagnosis, certainly before October 28, 1996. See *Hughley v. Frazier*, 254 Ga. App. at 547 (1); *Oliver v. Sutton*, 246 Ga. App. 436, 437-438 (540 SE2d 645) (2000); *Stone v. Radiology Svcs.*, 206 Ga. App. 851, 852 (2) (426 SE2d 663) (1992); compare *Zechmann v. Thigpen*, 210 Ga. App. 726, 728-729 (3) (437 SE2d 475) (1993).

Similarly, we reject Williams' argument that the date of her injury was November 6, 1996 — the date of her telephonic consultation with Dr. Young. As discussed above, the evidence before the trial court established that Williams' foot and leg pain was continuous throughout Dr. Young's treatment of her, and that the injury was present more than two years before she filed suit. See *Hughley v. Frazier*, 254 Ga. App. at 547 (1). Accordingly, the applicable two-year statute of limitation expired before Williams filed her lawsuit, and, for this reason, the trial court properly granted summary judgment to the defendants.

We reach this conclusion, as stated above, because of the Supreme Court's reversal in *Young v. Williams*, 274 Ga. at 845, of our earlier decision in *Williams v. Young, M.D., P.C.*, 247 Ga. App. at 337. In reversing this Court's adoption of the "continuous treatment" doctrine, the Supreme Court emphasized that the job of prescribing periods of limitation is a legislative role, not a judicial one. The Court further stated: "[t]he legislatively-prescribed statute of limitation does not provide for the commencement of the period of limitation upon the termination of the health-care provider's treatment of the patient, and the judicial branch is not empowered to engraft such a provision on to what the legislature has enacted." *Young v. Williams*, 274 Ga. at 848.

In light of the inequities inherent in cases like this one, in which a patient remains under the care of one physician and the statute of

limitation expires on her claim, we encourage the General Assembly to look into and remedy this situation by enacting a statute allowing the incorporation of the continuous treatment doctrine into the existing statute of limitation provided for in OCGA § 9-3-71. A legislative enactment to this effect would create a more just statutory scheme for this type of medical malpractice case.

*Judgment affirmed. Johnson, P. J., Smith, P. J., Ruffin, P. J., Eldridge, Barnes, Miller, Ellington and Mikell, JJ., concur. Blackburn, C. J., and Andrews, P. J., concur in the judgment only. Phipps, J., disqualified.*

DECIDED NOVEMBER 18, 2002 —
RECONSIDERATION DENIED DECEMBER 12, 2002

*Greer, Klosik, Daugherty & Swank, Frank J. Klosik, Jr., Robert J. McCune, Jason R. Manton,* for appellant.

*Watson, Spence, Lowe & Chambless, Thomas S. Chambless, Dawn G. Benson, Charles K. Wainright II,* for appellees.

*Smolar, Roseman, Brantley & Seifter, Antoinette D. Johnson, Owen, Gleaton, Egan, Jones & Sweeney, H. Andrew Owen, Jr., Roger E. Harris,* amici curiae.