A02A2350. LORELLI v. SOOD et al.
(576 SE2d 565)

ANDREWS, Presiding Judge.

Trieste Lorelli appeals from the trial court's order granting summary judgment to Dr. Sood on Lorelli's claim of medical malpractice. Because the trial court correctly held that the complaint was filed outside of the medical malpractice two-year statute of limitation, we affirm.

This case arose when Sood began treating Lorelli for an injury to his back. The injury occurred on May 21, 1997, and approximately one week later, Lorelli had his first appointment with Dr. Sood. Sood gave Lorelli several epidurals, but they did not help the pain, and on July 10, 1997, Sood performed a laminectomy and discectomy on Lorelli. Lorelli stated that after the surgery, his pain increased and he could not walk or move his head. Lorelli said he ran a high fever and the incision from the surgery was infected, with pus coming out of the staples. Lorelli went to see another doctor, Dr. Javed, on September 3, 1997, because he was not healing from the surgery. Lorelli's last appointment with Sood was on September 22, 1997, at which time Sood sent him to the Emory Spine Center.

Lorelli filed a complaint for medical malpractice against Sood on September 28, 1999. Sood filed a motion for summary judgment,

claiming that the statute of limitation began to run in July 1997, after Lorelli's operation when he first noticed the infection and increased pain.

OCGA § 9-3-71 (a) provides that a medical malpractice action must "be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." In granting Sood's motion for summary judgment, the trial court determined that even applying the continuous treatment rule, Lorelli's last appointment with Sood was on September 22, 1997, and therefore, the statute of limitation began to run at least as of that date.

Lorelli appeals from this ruling, arguing that the statute of limitation did not begin to run until he saw another doctor on September 30, 1997. We disagree.

> As reiterated by the Supreme Court in *Young v. Williams*, 274 Ga. [845, 846 (560 SE2d 690) (2002),] the limitation period set forth in OCGA § 9-3-71 (a) runs from the date of injury. Likewise: in general, in most misdiagnosis cases, the injury begins immediately upon the misdiagnosis due to the pain, suffering, or economic loss sustained by the patient from the time of the misdiagnosis until the medical problem is properly diagnosed and treated. The misdiagnosis itself is the injury and not the subsequent discovery of the proper diagnosis; thus, the fact that the patient did not know the medical cause of his suffering does not affect the applicability of OCGA § 9-3-71 (a).

(Citations omitted.) *Williams v. Devell R. Young, M.D., P.C.*, 258 Ga. App. 821, 823 (575 SE2d 648) (2002).

In this case, Lorelli's pain and suffering began immediately after the operation in July. He stated that he could not sit up and his "spine was ate up with infection." Further, Lorelli testified that he went to another doctor on September 3, 1997, because he was already concerned that "[t]here was something wrong with my spine."

Accordingly, we conclude that the statute of limitation began to run at least as of September 3, 1997, when Lorelli consulted another doctor because of concerns with Sood's treatment. Because this action was not filed until September 28, 1999, it was not brought within the applicable statute of limitation and the trial court did not err in granting summary judgment to Dr. Sood.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED DECEMBER 18, 2002 —
RECONSIDERATION DENIED JANUARY 10, 2003 —

Medical malpractice. Fulton State Court. Before Judge Forsling.
*Robert A. Elsner,* for appellant.
*Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Ashley E. Taylor,* for appellees.