A02A1980. EYZAGUIRRE et al. v. BAKER et al.
(579 SE2d 47)

MILLER, Judge.

Charles S. Baker, individually and as executor of the estate of Robert B. Baker, Robert B. Baker, Jr., and Brooks S. Baker sued William A. Eyzaguirre and William A. Eyzaguirre, M.D., P.C. for medical malpractice. The appellants moved in limine to suppress certain evidence, arguing that the statute of repose barred the admission of such evidence in this medical malpractice action. After hearing argument, the trial court denied the motion, and this appeal followed. We

conclude that appellees' complaint was time-barred by the applicable statute of repose and reverse.

In November 1992, Dr. Eyzaguirre diagnosed Robert Baker with deep vein thrombosis (blood clots) in his right leg. After treating Baker to break up the clot, Dr. Eyzaguirre prescribed Coumadin (an anti-clotting medication) and a regular check of Baker's prothrombin times (clotting times). The evidence showed that within a few weeks of his treatment, Baker apparently ceased taking the medication, and further did not have his prothrombin times checked. Baker continued to see Dr. Eyzaguirre in early 1993, and it was confirmed that Baker had stopped taking his medication. In June 1993, Baker was admitted to the hospital for shortness of breath and fainting and was discharged on June 14, 1993. He was treated by another physician during his stay. Baker died on July 24, 1993, from a deep vein thrombosis in his left leg, pieces of which had broken loose and moved through his circulatory system, resulting in his death.

Appellees sued the appellants on July 24, 1995, and although the record does not contain a copy of a dismissal, all parties agree that the suit was voluntarily dismissed on May 26, 1998. On July 10, 1998, the appellees refiled their suit, and the appellants subsequently moved for summary judgment on the basis that the complaint was filed more than five years from the alleged negligent act or omission of Dr. Eyzaguirre. After the trial court denied the motion for summary judgment, the appellants filed a motion in limine to exclude all evidence of alleged malpractice prior to July 10, 1993. The trial court also denied the motion in limine.

1. The "[a]dmission of evidence is within the sound discretion of the trial court and this [C]ourt will not interfere with that discretion absent abuse." (Citation omitted.) *Union Planters Nat. Bank v. Crook*, 225 Ga. App. 578, 582 (2) (484 SE2d 327) (1997). Since the statute of repose barred the action filed by the appellees, we conclude that the trial court abused its discretion in denying the motion in limine.

Appellants correctly argue that the court erred in failing to grant the motion in limine because the complaint was not filed until July 10, 1998, and under the statute of repose, any evidence that Dr. Eyzaguirre committed medical negligence before July 10, 1993, must be excluded. The appellees argue that Dr. Eyzaguirre was negligent in failing to follow up with Baker's prescribed medication and treatment, resulting in an ongoing breach of care until the plan of treatment terminated (at Baker's death). Appellees further argue that each subsequent daily failure to implement the necessary treatment established a new tort.

Under OCGA § 9-3-71 (a), "an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission

occurred." OCGA § 9-3-71 (b), the statute of repose, "attaches when an action filed within the statute of limitation is voluntarily dismissed and refiled more than five years after the alleged injury." (Citations omitted.) *Miller v. Vitner*, 249 Ga. App. 17 (546 SE2d 917) (2001). Subsection (b) states that "in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred." See *Siler v. Block*, 204 Ga. App. 672, 673 (1) (420 SE2d 306) (1992).

The alleged negligent act or omission here was the failure on the part of Dr. Eyzaguirre to follow up on Baker's medication and treatment. Such alleged failure *began* sometime between November 1992 and February 1993, as the record reflects that Baker continued to see Dr. Eyzaguirre after Baker's November 1992 diagnosis. Appellees' argument that each day the failure to monitor constituted a new tort, or that the failure to continue proper treatment on an ongoing basis was a breach of care, is equivalent to a continuing course of care theory. The Supreme Court has specifically rejected such argument in *Young v. Williams*, 274 Ga. 845 (560 SE2d 690) (2002), where the Court held that "[p]rescribing periods of limitation is a legislative, not a judicial, function." (Citation and punctuation omitted.) Id. at 847.

Notwithstanding this holding, the Supreme Court in *Young* further stated that the continuous treatment doctrine (which changes the commencement date of the statute of limitation to the date on which treatment by the physician has been terminated) is "more appropriately incorporated into a statute of limitation that commences upon the occurrence of the negligent act." *Young*, supra, 274 Ga. at 846. This is precisely the language of the statute of repose. See OCGA § 9-3-71 (b). Nonetheless, even if the Supreme Court had not rejected the continuous treatment doctrine and it was still an available theory, the appellees' claim would still fail. The doctrine has a caveat that if the patient learns or should have learned of the negligence during treatment, the statute runs from the time of discovery. *Young*, supra, 274 Ga. at 846. Therefore, sometime between November 1992 and February 1993, Baker learned or should have learned of Dr. Eyzaguirre's alleged negligence in failing to follow up with his treatment and medication. It is at that time that the statute began to run. Thus, it is clear that Baker's knowledge of the alleged negligence existed more than five years prior to the filing of appellees' suit on July 10, 1998.

As appellees filed their complaint more than five years after the occurrence and Baker's knowledge of any alleged negligent act or omission, the statute of repose bars their medical malpractice claim. Thus, evidence of malpractice prior to July 10, 1993, was inadmis-

sible. Accordingly, the trial court abused its discretion in denying appellants' motion in limine.

2. The appellees argue that the trial court's denial of the appellants' motion for summary judgment on the statute of repose issue became the law of the case, and that therefore appellants are foreclosed from raising that same issue here on appeal. This argument is without merit, however, as the law of the case rule has been statutorily abolished. OCGA § 9-11-60 (h); see *Ligon v. Bartis*, 254 Ga. App. 154, 155 (1) (561 SE2d 831) (2002).

*Judgment reversed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 18, 2003 —
RECONSIDERATION DENIED MARCH 4, 2003 —

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Johnathan T. Krawcheck, Melissa D. Peeler*, for appellants.
*Andrea R. Bennett*, for appellees.