S08G1391, S08G1418. SCHRAMM et al. v. LYON et al.
(two cases).
(673 SE2d 241)

THOMPSON, Justice.
In 1982, Betty Lyon had her spleen removed as a result of injuries she received in an automobile accident. In September 2004, Lyon developed overwhelming post-splenectomy infection (OPSI), a condition which resulted in significant physical injuries, including the amputation of parts of her arms and legs.

Lyon filed a medical malpractice action on August 29, 2006, against eight physicians and their practices who had treated her in the five years prior to the filing of the action. The complaint as subsequently amended alleged that each doctor failed to advise and warn her about the risk of developing OPSI, failed to inform her of preventative measures she should have taken to reduce the risk of developing OPSI, and failed to prescribe appropriate medications and vaccinations which would have prevented infections that can lead to OPSI.

Three defendants, Doctors Schramm, Barnes and Sharon, each of whom Lyon had first seen prior to August 29, 2001, moved to dismiss the claims against them on the basis of the statute of repose, OCGA § 9-3-71 (b), which provides that "in no event may an action

for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred.'' The trial court granted the motion, holding that the statute of repose began to run from the date the doctors first provided medical care to Lyon regardless of whether they committed subsequent negligent acts. The Court of Appeals reversed, *Lyon v. Schramm*, 291 Ga. App. 48 (661 SE2d 178) (2008), and this Court granted certiorari to the Court of Appeals to consider whether the relevant claims were barred by the five-year statute of repose. For the reasons that follow, we find the claims are not barred by the statute of repose and we affirm.

1. Under Georgia law, an action for medical malpractice must be brought within five years from the date on which the negligent or wrongful act or omission occurred. OCGA § 9-3-71 (b). Unlike cases involving the medical malpractice statute of limitation, see OCGA § 9-3-71 (a), our focus in this case is on the date or dates on which appellants may have committed acts of professional negligence.[1] The test for determining when OCGA § 9-3-71 (b)'s period of repose begins is based on the determination of when the negligent act causing the injury occurred.

In this case, the complaint alleges and Lyon's experts aver that within the five-year period prior to the filing of the complaint appellants committed separate acts of professional negligence by failing to warn, treat, and advise Lyon when she presented for the treatment of new medical conditions not related to the condition for which she first sought treatment. Accordingly, we agree with the Court of Appeals that the complaint alleges appellants committed subsequent negligent acts causing new injuries which are subject to separate periods of repose.[2] See *Lyon*, supra, 291 Ga. App. at 50. See also *Eyzaguirre v. Baker*, 260 Ga. App. 53 (1) (579 SE2d 47) (2003); *Oliver v. Sutton*, 246 Ga. App. 436 (540 SE2d 645) (2000); *Allen v. Belinfante*, 217 Ga. App. 754 (3) (458 SE2d 867) (1995).

Appellants argue that the statute of repose commenced to run on the date they each first treated Lyon, that any subsequent negligent

---

[1] We agree with the Court of Appeals that this is not a misdiagnosis case and that the misdiagnosis cases upon which appellants rely are inapplicable. Lyon did not contract OPSI until September 2004 and she raises no allegation in her complaint that appellants could or should have discovered the infection any sooner. Rather, this case involves appellants' alleged failure to warn Lyon of the dangers related to her post-splenectomy condition and their concomitant failure to advise her of and treat her with available and recommended vaccines which she claims would have prevented the onset of her infection.

[2] Because the allegations of the complaint make clear that this is not a continuing treatment case, we need not decide in this appeal whether the continuing treatment doctrine rejected in *Young v. Williams*, 274 Ga. 845 (560 SE2d 690) (2002) is applicable to the statute of repose.

acts were part of their continuing treatment of Lyon, and therefore, her claims are barred by the five-year statute of repose. We find, and appellants have offered, no legal authority or justification for barring Lyon's claims solely because appellants may also have been negligent at an earlier time. Although chronologically appellants' initial consultation with Lyon may have constituted their first negligent act or omission, OCGA § 9-3-71 (b) does not provide that the period of repose commences on the date of the first "negligent . . . act or omission." It provides that the period commences on the date the negligent act or omission occurs, thus establishing the negligent act as the trigger for commencement of the period of repose without purporting to limit the number of separate negligent acts which may act as a trigger. As this Court has recognized, multiple breaches of the standard of care may constitute new and separate instances of professional negligence and more than one negligent act may contribute to a plaintiff's injury. *Kaminer v. Canas*, 282 Ga. 830 (653 SE2d 691) (2007). Appellants' argument ignores both these maxims and the allegations of Lyon's complaint specifying that within the five-year period prior to filing her complaint she consulted with appellants for the treatment of new medical conditions and that during the same time period recommended medical protocols for treating post-splenectomy patients had changed. Based on these allegations, the complaint cannot properly be characterized as asserting a single, persistent negligent act as argued by appellants.

Accordingly, we find the statute of repose as to each separate claim of professional negligence began to run within the statutory five-year period and the Court of Appeals in its thorough opinion correctly reversed the trial court's ruling that the claims were barred.

2. We also agree with the Court of Appeals that our decision in *Kaminer v. Canas* is not controlling in this case. We acknowledged in *Kaminer* that the plaintiff's claims were barred by the statute of repose because in that case the period of repose began to run on the date when the misdiagnoses were initially reached. We reached this conclusion because the only injuries alleged in *Kaminer* occurred simultaneously with the misdiagnoses. We did not address whether separate, subsequent negligent acts were barred by the statute of repose because, as stated by the Court of Appeals, we

> only needed to address the acts of negligence associated with the completed torts alleged in the case. In other words, [we] only needed to address the acts of negligence that were the proximate cause of the injury in that case. Any subsequent acts of negligence resulted in no injury and were therefore not considered.

*Lyon v. Schramm*, supra at 54.

3. Importantly, our holding in this case is not the adoption of the continuing treatment doctrine so as to allow for the tolling of the statute of repose and should not be interpreted as to impose upon physicians a continuing duty to warn patients of risks from an existing condition at each subsequent visit. Instead, it is our recognition that the complaint in this case sufficiently alleges separate and independent acts of professional negligence within the statutory period of repose. Prescribing periods of repose, like periods of limitation, is a legislative function, *Young v. Williams*, supra at 847, and this Court has consistently rejected attempts to interfere with the legislature's two-year statute of limitation and has not revived the continuing treatment doctrine. Id. Likewise, in this case we reject appellants' invitation to modify the legislatively prescribed five-year statute of repose by ruling as a matter of law that the period of repose commences on the occurrence of a defendant's first negligent act. To do so would be inconsistent with the plain language of OCGA § 9-3-71 (b) and do nothing to promote the statute's stated goals of eliminating stale claims and stabilizing medical insurance underwriting. See *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657 (437 SE2d 308) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 23, 2009.

*Greenberg Traurig, Lori G. Cohen, Thomas J. Mazziotti, John B. Merchant III, Michael J. King, Peters & Monyak, Jonathan C. Peters, Jeffrey S. Bazinet*, for appellants.

*Ragland & Jones, Daniel A. Ragland, Henry, Spiegel, Fried & Milling, Philip C. Henry, Harvey R. Spiegel, Wendy G. Huray*, for appellees.

*Brinson, Askew, Berry, Seigler & Richardson, Robert L. Berry, Jr., Norman S. Fletcher, Ansel F. Beacham III, Pope & Howard, J. Marcus Edward Howard, Warshauer, Poe & Thornton, Lyle G. Warshauer*, amici curiae.