A96A0496. YOUNG v. JOHN DEERE COMPANY.
A96A0497. TAYLOR v. JOHN DEERE COMPANY.
(471 SE2d 19)

BIRDSONG, Presiding Judge.

Appellants Melvin E. Young and Roy G. Taylor appeal the order of the superior court granting summary judgment to appellee John Deere Company (John Deere).

Appellant/defendant Young who was then employed as a salesman by United Tractor Company, Inc. (tractor company) signed a variable rate loan contract-security agreement on November 13, 1992 to obtain financing from John Deere for a John Deere tractor to be purchased from the tractor company; the agreement is a combination loan application, promissory note, and security agreement. Within one or two days thereafter, Young notified the tractor company, which was the equipment seller, that he did not wish to purchase the equipment in issue. Young asserts he has never received the farm equipment set forth in the note or anything of value from the transaction; the loan agreement, however, expressly states, "I agree that I have received the goods." The loan was approved by appellee on December 23, 1992 and, pursuant to the terms of the loan agreement, the funds were duly apportioned between and paid to the tractor company and the Deere Insurance Company. Young admitted in his answer to the complaint and in his deposition that he had not repaid any of the money to John Deere pursuant to the terms of the agreement; he likewise admitted receipt of an acceleration/demand letter, dated July 1, 1994.

Young contends that, as genuine issues of material fact exist whether he received any "consideration" for the agreement, whether he effectively withdrew the agreement before it was accepted and whether he had received the farm equipment "contrary to the note," there arise genuine issues of material fact for jury resolution.

On November 20, 1992, appellant/defendant Taylor, who also was employed as a salesman by United Tractor Company, Inc., signed a variable rate loan contract-security agreement to obtain financing from John Deere to purchase a Massey Ferguson tractor

and a used Lilliston peanut combine from the tractor company. Within one or two days of November 20, 1992, Taylor notified the tractor company that he did not wish to purchase the equipment. Taylor contends he never received the equipment set forth in the note nor did he receive any funds or anything of value from the transaction. The loan was approved by appellee on December 11, 1992 and the loan proceeds were paid to the tractor company and Deere Insurance Company pursuant to the terms of the loan agreement.

Taylor defaulted and appellee/plaintiff accelerated loan payment demanding immediate payment of all principal and interest; payment was not made and suit was initiated to collect the loan principal, interest, attorney fees and court costs. Taylor admitted in his answer to the complaint that he had signed the agreement but averred he had not received the tractor and combine or any money. He also admitted in his deposition that he had been given the opportunity to read the agreement before he signed it, and that it included the following language: "I agree that I have received the goods." However, in his deposition, Taylor asserted that certain parts of the note, which subsequently contained typed information and amounts, were blank when he signed the document.

Taylor contends that, as genuine issues of material fact exist whether he received any "consideration" for the agreement, whether he effectively withdrew the agreement before it was accepted and whether he had received the farm equipment, material issues of fact arise for jury resolution. *Held*:

1. To prevail on a motion for summary judgment, a movant must show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. OCGA § 9-11-56 (c). The opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843).

Further, factual assertions in a party's brief that are unsupported by evidence of record cannot be considered in the appellate process. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (1) (366 SE2d 223).

2. We have opened and considered the sealed depositions of the appellants/defendants. The orders of the trial court affirmatively state that in granting summary judgment to appellee the depositions of appellants Young and Taylor were considered. Although the depositions may have been sealed, this court can consider them in its de novo review of the grant of summary judgments to appellee. *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874 (1) (392 SE2d 535); compare *Mauldin v. Weinstock*, 201 Ga. App. 514, 516 (1) (411 SE2d 370).

3. Contrary to appellant's assertions, there exists no genuine material issue of fact of record that United Tractor Company was the agent of appellee John Deere. Although appellant Young concluded in his deposition testimony that Vance Buchan, co-owner of the tractor company, was the representative of appellee, such bare assertion creates no genuine issue of material fact regarding the issue of agency. "[A] bare assertion of the existence of an agency relationship, when made by an outsider to the alleged relationship, is not a statement of fact, but merely an unsupported conclusion of law." *Entertainment Developers v. Relco, Inc.*, 172 Ga. App. 176, 177 (2) (322 SE2d 304). This holding is compatible with the general rule that "[i]n response to a motion for summary judgment, the non-moving party may not rest on generalized allegations, but must come forward with specific facts to show that there is a genuine issue for trial." *Precise v. City of Rossville*, 261 Ga. 210, 212 (3) (403 SE2d 47).

4. Both appellants Young and Taylor admitted to their general familiarity as tractor company salesmen with the forms which they signed; both also admitted signing the documents at issue. Both admitted that the loan contract-security agreement documents expressly stated: "I agree that I have received the goods." Further, both testified to facts evidencing that they did not timely notify appellee of their decision not to obtain the loan for farm equipment. Additionally, appellant Young testified in the affirmative when asked if he understood that appellee "relied" upon the accuracy of the express statement in the agreement that Young was in possession of the goods at the time he applied for the loan, and that appellee was "relying" upon Young's representation that he was in possession of the goods when it "paid" loan agreement "monies" to the tractor company and the insurance company. Appellant Taylor testified in the affirmative when asked if, as a salesman, he understood appellee was going to "rely," for purposes of "deciding whether or not to loan this money," upon the express "representations" in the agreement that he had received the goods. He also testified in the affirmative that to the best of his knowledge the statement, "I agree that I have received the goods," was in the agreement at the time he affixed his signature to it. We find that the evidence in the appellate record clearly and palpably establishes that a jury could reach only one reasonable conclusion in this case; specifically, that in approving the loans (which lead to the tender of monies to the tractor company and the insurer) appellee relied to its prejudice upon the express statement in the agreements that appellants currently were in the possession of the farm equipment at issue. Accordingly, appellants have waived by their conduct any right to assert in a suit against appellee that they did not receive the farm equipment and that there was a lack of consideration. Compare *Fernandez v. Bank of Dahlonega*, 217

Ga. App. 739, 743 (4) (b) (459 SE2d 424); see generally *Crotty v. Crotty*, 219 Ga. App. 408, 412 (3) (465 SE2d 517) and cases cited therein. A grant of summary judgment must be affirmed if it is right for any reason. *Hanna v. McWilliams*, 213 Ga. App. 648, 651 (3) (446 SE2d 741).

*Judgments affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED APRIL 16, 1996.

*John A. Rumker*, for appellants.
*Oxford, McKelvey & Calhoun, Howard S. McKelvey, Jr.*, for appellee.