A04A0565. HARRISON v. DALY et al.
(601 SE2d 771)

MIKELL, Judge.

Sandra D. Harrison appeals the orders granting summary judgment to the defendants in this medical malpractice action. We affirm because the trial court correctly ruled that the statute of limitation expired prior to the filing of suit.

---

In determining whether the trial court properly granted summary judgment to the defendant physicians, this Court reviews the record de novo, construing the evidence and the inferences drawn from it most strongly in favor of the nonmoving party.[1] So viewed, the record shows that Harrison, who was born in 1962, had performed breast self-examinations monthly since she was 20 years old. Harrison deposed that during such an examination in June 1995, she discovered a "huge mass of lumps" in her right breast, accompanied by occasional short pains. She made an appointment for her annual Pap smear with her primary care physician, defendant Sylvia Johnson, M.D., an employee of Southeastern Health Services, the predecessor in interest to defendant Meridian Medical Group, P.C. ("Meridian").

Harrison was seen by a nurse midwife employed by Meridian. Harrison, whose aunts had suffered from breast cancer, reported her concerns and family history to the midwife. According to Harrison, the midwife conducted a physical examination, concluded that the lumps were fibroids, and did not recommend any diagnostic procedures, despite the fact that Harrison had never had a mammogram. Rather, the midwife instructed Harrison to call back in six months. During that time, the lumps became harder, larger, and more painful.

Harrison deposed that she called Johnson's office in January 1996 to report her worsened symptoms. Harrison expected an appointment but was told that, because her symptoms were caused by fibroids, she needed to wait a few months. However, during the following month, the dimensions of the lump changed, so Harrison called Johnson's office and requested an appointment.

Harrison was examined by a nurse midwife, Linda McCann, on March 29, 1996. McCann deposed that, after detecting the lump, she consulted with Johnson and ordered an ultrasound. The radiology report from that procedure contained a diagnosis of probable fibroadenoma, but the radiologist noted echoing features and recommended a biopsy and a mammogram. After reviewing the report, McCann referred Harrison to a surgeon, defendant John P. Daly, M.D. In addition, Harrison underwent a mammogram on April 17, 1996.

Harrison presented to Daly on April 30, 1996, and he performed a needle biopsy. The pathology report noted "marked nuclear atypia," and the pathologist recommended an excisional tissue biopsy to rule out carcinoma. Daly deposed that he scheduled Harrison for the biopsy at Northside Hospital on May 20, 1996. However, during a preparatory procedure, a radiologist aspirated the lesion, and it disappeared. Therefore, the biopsy was not performed, but the fluid removed from the lesion was sent to pathology. According to the

---

[1] *Porquez v. Washington*, 268 Ga. 649, 652 (2) (492 SE2d 665) (1997).

report, the fluid was suspicious for carcinoma. Therefore, on June 27, 1996, Daly performed a Tru-cut biopsy, removing a core of breast tissue. The pathologist found "no significant epithelial hyperplasia or evidence of malignancy" in the tissue. Daly deposed that, based on the pathologist's report and the results of additional mammography and ultrasound, he concluded that Harrison did not have breast cancer. However, he testified that he remained concerned due to the presence of atypical cells. Therefore, during a visit with Harrison on July 2, 1996, he recommended close follow-up care, including a repeat mammogram and needle biopsy in four or five months. He did not see her again until October 31, 1997.

On September 13, 1996, Harrison underwent another mammogram, which was unremarkable. Harrison deposed that when she spoke with Johnson about the results, Harrison relayed Daly's instructions for follow-up care and inquired about a referral to Daly for a needle biopsy. According to Harrison, Johnson stated that the procedure was unnecessary, that Harrison was "fine," and that she should return in one year for a mammogram. Harrison relied upon Johnson's advice and assurances. Although she saw Johnson several times during the following year concerning fertility issues, Johnson never performed a breast examination, and Harrison did not raise the matter again.

When Harrison underwent her next mammogram on October 3, 1997, the test revealed a suspicious cluster of microcalcifications in her right breast. Harrison was referred to Daly. After examining her on October 31, 1997, Daly scheduled a sterotactic biopsy, which was performed on November 12, 1997. The pathology report revealed infiltrating ductile carcinoma of the right breast. Two weeks later, Harrison underwent a partial mastectomy and axillary dissection. Three of the eleven lymph nodes removed contained tumor cells, meaning that the cancer had metastasized. As a result, Harrison required chemotherapy and radiation, which were successful. She has not suffered a recurrence.

On September 4, 1998, Harrison filed suit against Daly, alleging that he breached the standard of care by failing to perform a complete history and physical examination on May 10, 1996; failing to perform an open surgical biopsy instead of a Tru-cut biopsy on June 27, 1996, so that sufficient tissue could be removed to detect the cancer; and failing to utilize an appropriate follow-up protocol. The complaint further alleged that Daly's failure to follow up, diagnose and treat Harrison in a timely manner allowed the cancer to remain undetected and reduced her chances of survival. Her expert, Daniel W. Davis, M.D., opined that Harrison "almost assuredly" had cancer on May 20, 1996, when her lesion was aspirated, and that Daly was negligent in failing to detect the disease.

One year later, on September 13, 1999, Harrison amended her complaint to add Johnson and her employer, Meridian, as defendants. Harrison contended that Johnson breached the standard of care by failing to examine her, to follow up with her, or to consult with Daly within six months after the diagnosis of atypia. The defendants moved for summary judgment, arguing that Harrison's suit was barred by the two-year statute of limitation, OCGA § 9-3-71 (a). Daly maintained that the statute commenced running on Harrison's claims against him no later than July 2, 1996, and expired on July 2, 1998. Johnson and Meridian asserted that the statute on the claims against them began to run, at the latest, on September 13, 1996, the date on which Johnson advised Harrison not to follow Daly's instructions regarding follow-up care, so that the limitation period expired on September 13, 1998. The trial court agreed and granted summary judgment to the defendants.

Harrison argues that the trial court erred in failing to rule that the statute of limitation commenced running from the date her cancer was discovered. We cannot agree.

OCGA § 9-3-71 (a) mandates that "an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." In cases alleging failure to diagnose, the limitation period runs from the date of the misdiagnosis.[2] That is because

> in most misdiagnosis cases, the injury begins immediately upon the misdiagnosis due to the pain, suffering, or economic loss sustained by the patient from the time of the misdiagnosis until the medical problem is properly diagnosed and treated. The misdiagnosis itself is the injury and not the subsequent discovery of the proper diagnosis; thus, the fact that the patient did not know the medical cause of his suffering does not affect the applicability of OCGA § 9-3-71 (a).[3]

Harrison apparently concedes that if, as the physicians contend, this action is based solely on their failure to diagnose her cancer, it is time-barred. Harrison argues, however, that her case falls within the "limited exception in misdiagnosis cases when an injury occurs *subsequent* to the date of medical treatment, in which case the statute of limitation commences from the date the injury is discovered."[4] As

---

[2] *Kane v. Shoup*, 260 Ga. App. 723, 724 (1) (580 SE2d 555) (2003).

[3] (Citation omitted.) Id.

[4] (Emphasis in original.) Id., citing *Walker v. Melton*, 227 Ga. App. 149, 151 (1) (489 SE2d

evidence of a subsequent injury, Harrison cites Daly's deposition testimony. Daly testified that, in his opinion, based on a comparison of the 1996 and 1997 mammography, the cancer detected in 1997 was "a new problem." But the limited exception for subsequent injury cases, which was created by *Whitaker v. Zirkle,*[5] is confined to those in which the plaintiff remains asymptomatic for a period of time following the misdiagnosis. In *Whitaker,* the plaintiff had a mole removed from her back in 1978.[6] The pathologist who analyzed the mole misdiagnosed it as nonmalignant. The plaintiff remained free of cancer symptoms for approximately seven years, but in 1985, she noticed bruises and nodules on her body.[7] A biopsy of the affected tissue revealed metastatic cancer. The mole that had been removed in 1978 was then reexamined and found to contain cancer cells.[8] Plaintiff filed suit against the pathologist within a year of her diagnosis of cancer.[9] Noting that the plaintiff suffered no cancer symptoms for several years after the misdiagnosis, we concluded that questions of fact existed as to whether the subsequent metastasis was a separate injury.[10] In the case at bar, however, plaintiff Harrison's symptoms worsened over time. She testified that from May through September 1997, she experienced sharper pains and more lumps in her breast, and the breast increased in size. Therefore, the *Whitaker* exception does not apply, and for statute of limitation purposes, the "injury" occurred at the time of the alleged misdiagnosis.[11]

Finally, Harrison asserts that her injuries resulted from the physicians' continuous failure to treat the disease, such that the statute of limitation should begin to run from November 12, 1997, the date of her cancer diagnosis. This argument is a variant of the "continuous treatment theory," which, as we recently noted in *Brahn v. Young,*[12] was "resoundingly rejected" by our Supreme Court in *Young v. Williams.*[13] Accordingly, as to Daly, the limitation period expired on July 2, 1998, and the action filed against him on September 4, 1998, is time-barred. As to Johnson and Meridian, the limitation period expired on September 13, 1998. Because they were not

---

63) (1997); *Whitaker v. Zirkle,* 188 Ga. App. 706, 708 (1) (374 SE2d 106) (1988).

[5] Supra.

[6] Id. at 706.

[7] Id.

[8] Id.

[9] Id.

[10] Id. at 707-708 (1).

[11] See *Hughley v. Frazier,* 254 Ga. App. 544, 547 (1) (562 SE2d 821) (2002); *Frankel v. Clark,* 213 Ga. App. 222, 224 (444 SE2d 147) (1994).

[12] 265 Ga. App. 705, 707 (2) (595 SE2d 553) (2004).

[13] 274 Ga. 845, 848 (560 SE2d 690) (2002).

added as defendants until 1999, the claims against them are untimely as well.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JULY 1, 2004.

*David A. Sapp,* for appellant.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, John K. Train IV, Chloe E. Dallaire, Hall, Booth, Smith & Slover, James E. Looper, Jr.,* for appellees.