A07A2064. GOODMAN et al. v. SATILLA HEALTH SERVICES, INC. et al.

(658 SE2d 792)

JOHNSON, Presiding Judge.

This is an appeal from the granting of motions to dismiss in a medical malpractice case. The decedent, Jeanette Murray, underwent treatment for kidney disease that included taking Coumadin, a blood thinner. The malpractice complaint alleges that while under the medical care and treatment of Dr. Padmanabh Maramreddy, P. Maramreddy, M.D., P.C. (herineafter jointly referred to as "Maramreddy"), and the hospital, Satilla Health Services, Inc., Murray was administered Coumadin from September 1999 through September 2001. According to the expert affidavit attached to the complaint, the continued treatment with Coumadin caused visible discoloration, sores and ulcers on Murray's skin as early as April 2001. Murray was diagnosed with Coumadin necrosis in June 2001, and she died on December 23, 2001.

Bennie Goodman, individually and as personal representative of the estate of Murray, filed this medical malpractice complaint on July 15, 2004, alleging Maramreddy and Satilla Health Services violated the applicable standards of care and proximately caused Murray's death by failing to properly respond to Murray's complaint about discoloration and sores on her body, failing to properly supervise the administration of the Coumadin, failing to render proper follow-up care, failing to adjust the Coumadin prescription when necessary, failing to discontinue the Coumadin after Murray developed adverse effects to the medication, and failing to follow the manufacturer's instructions and recommendations regarding the proper administration of Coumadin. Maramreddy and Satilla Health Services filed motions to dismiss, alleging expiration of the applicable statute of limitation regarding the wrongful death claim, expiration of the applicable statute of limitation regarding the estate's claim, and insufficient service of process on Satilla Health Services. The trial court granted the motions to dismiss on all three grounds. Goodman appeals the trial court's order solely with respect to the estate's claim.[1] We find no error and affirm the trial court's order.

OCGA § 51-4-5 (b) provides that when the death of a human being results from criminal or other negligence, "the personal representative of the deceased person shall be entitled to recover for the funeral, medical, and other necessary expenses resulting from the

---

[1] Since Goodman has not appealed the trial court's order with respect to its finding of insufficient service of process on Satilla Health Services, Maramreddy is the only defendant remaining in this action on appeal.

injury and death of the deceased person." Such an action is still subject to the applicable statute of limitation. In this case, the applicable statute of limitation is OCGA § 9-3-71 (a), which provides that an action for medical malpractice must be brought two years "after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." However, Goodman correctly points out that the tolling provision of OCGA § 9-3-92 also applies in this case. This tolling provision provides that the time between the death of a person and the commencement of representation upon her estate shall not be counted against her estate in calculating any limitation applicable to the bringing of an action, provided that such tolling time shall not exceed five years.[2] The disputed issue here is when the cause of action accrued to begin the running of the statute of limitation on the estate's claim.

In the trial court, Goodman argued that, under a continuous treatment theory, the statute of limitation with respect to the estate's claim did not begin to run until Murray's treatment by Maramreddy had ended. He cited the court to *Williams v. Devell R. Young, M.D., P.C.*[3] However, that decision was reversed by the Supreme Court in *Young v. Williams.*[4] And the continuous treatment theory has been "resoundingly rejected" in this state.[5] On appeal, Goodman does not raise the continuing treatment theory; rather, he contends that this case involves a misdiagnosis followed by another later act of malpractice. Specifically, he urges this Court to find that Maramreddy committed a new negligent act or omission when he failed to discontinue Murray's Coumadin treatment after she had been diagnosed with Coumadin necrosis. However, as with the case Goodman cited to support his argument in the trial court, the case he cites to support his argument on appeal has also been reversed by the Supreme Court,[6] and we, therefore, decline to adopt Goodman's argument.

We first note that Maramreddy asserts in his appellate brief that, contrary to Goodman's argument regarding Maramreddy's failure to discontinue Murray's Coumadin treatment after she was diagnosed with Coumadin necrosis, he did not examine or treat Murray after she was diagnosed with Coumadin necrosis in June 2001 because Murray never returned to Waycross.[7] However, factual

---

[2] OCGA § 9-3-92.

[3] 247 Ga. App. 337 (543 SE2d 737) (2000).

[4] 274 Ga. 845 (560 SE2d 690) (2002).

[5] See *Brahn v. Young*, 265 Ga. App. 705, 707 (2) (595 SE2d 553) (2004).

[6] *Canas v. Al-Jabi*, 282 Ga. App. 764, 777 (1) (a) (639 SE2d 494) (2006), rev'd, *Kaminer v. Canas*, 282 Ga. 830 (653 SE2d 691) (2007).

[7] Satilla Health Services argued in the hearing on the motion to dismiss that the hospital and, to the best of its belief, the doctor, did not treat Murray after July 2001.

assertions in a party's appellate brief that are unsupported by evidence of record cannot be considered by this Court in the appellate process.[8] Construing Goodman's complaint most favorably to him,[9] we are constrained to find from the record that Maramreddy "continually renewed and instructed Jeanette Murray to continue to take Coumadin through the end of 2001." We nevertheless find that the trial court properly dismissed Goodman's complaint based on the applicable statutes of limitation.

The law is well established that in most misdiagnosis cases, the injury begins immediately upon the misdiagnosis; the misdiagnosis itself is the injury and not the subsequent discovery of the proper diagnosis.[10] Thus, the fact that the patient did not know the medical cause of her suffering does not affect the applicability of OCGA § 9-3-71 (a).[11] "The true test to determine when the cause of action accrued is to ascertain the time when the plaintiff could first have maintained his action to a successful result."[12] This Court has rejected Goodman's argument that after an initial misdiagnosis, a doctor's continued failure to recognize the patient's problem constitutes a continuing tort.[13]

In addition, there is no evidence in the record to support Goodman's contention that Maramreddy committed a separate act of negligence by continuing to prescribe Coumadin. Maramreddy's alleged failure to correct any previous negligence does not constitute additional acts of negligence.[14] And, even if such an action does constitute a new and separate act of professional negligence by Maramreddy, "the statute of limitations on a medical malpractice claim no longer commences upon the occurrence of a negligent act or omission on the part of the physician. It begins on the date of the patient's injury."[15] Since Murray's symptoms after June 2001 were symptoms of the same injury that existed at the time of the alleged misdiagnosis, the claim is barred by the two-year limitation period.[16] Goodman's injury, and not Maramreddy's negligence, is the determinative factor for statute of limitation purposes.[17]

---

[8] See *Young v. John Deere Co.*, 221 Ga. App. 157, 158 (1) (471 SE2d 19) (1996).

[9] See *McLain v. Mariner Health Care*, 279 Ga. App. 410, 411 (1) (631 SE2d 435) (2006).

[10] See *Lorelli v. Sood*, 259 Ga. App. 166, 167 (576 SE2d 565) (2003).

[11] Id.

[12] (Citation and punctuation omitted.) *Kaminer*, supra at 833 (1).

[13] See *Frankel v. Clark*, 213 Ga. App. 222, 224 (444 SE2d 147) (1994).

[14] See id.

[15] (Citation omitted.) *Kaminer*, supra at 834 (1).

[16] See id.

[17] See id. at 835.

Here, it could be argued that the statute of limitation began to run as early as April 2001. Goodman's own expert, in the affidavit attached to Goodman's complaint, states that the skin break-down related to Murray's condition, including blotches on her lower extremities, was apparent by April 2001, and Goodman alleges in his complaint that Murray developed skin discolorations, sores and ulcers "which were apparent to the naked eye" on or before June 2001. However, even if we assume that Murray's injury did not occur until June 2001, the date Goodman concedes in his appellate brief that Murray first suffered an injury, the trial court properly ruled that the statute of limitation had expired prior to the filing of the estate's action.

Using June 22, 2001, the date Murray was diagnosed with Coumadin necrosis, as the date of Murray's injury, the statute of limitation on the estate's claim began to run on that date and continued to run for six months until her death on December 23, 2001. Then, the statute of limitation was tolled on the estate's claim pursuant to OCGA § 9-3-92 until Goodman was appointed as the estate's representative on November 8, 2002.[18] Twenty more months elapsed from November 8, 2002 until Goodman filed the complaint on July 15, 2004. Adding the six months before Murray died to the twenty-month delay after Goodman was appointed the estate representative leads us to conclude that the estate's action was filed two months after the two-year statute of limitation expired. The trial court did not err in granting Maramreddy's motion to dismiss the estate's action based on the expiration of the applicable statute of limitation.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED MARCH 4, 2008.

*Willie J. Walker, Jr., Curtis R. Richardson*, for appellants.
*Taylor, Odachowski, Sperry & Crossland, Philip R. Taylor, Donna L. Crossland, Coleman, Talley, Newbern, Kurrie, Preston & Holland, Wade H. Coleman, Edward F. Preston, Charlie J. Gillette, Jr.*, for appellees.

---

[18] See *Dowling v. Lopez*, 211 Ga. App. 578, 579 (1) (440 SE2d 205) (1993).