S08G1947. McCORD et al. v. LEE et al.

(684 SE2d 658)

MELTON, Justice.

This case regards the proper application of the statute of limitations in a medical malpractice action. In *Lee v. McCord*, 292 Ga. App. 707 (665 SE2d 414) (2008), the Court of Appeals reversed the trial court's grant of summary judgment in favor of Dr. Dale McCord and Atlanta Oncology Associates ("AOA"), finding that McCord and AOA "failed to show as a matter of law, that [Floyd] Lee manifested symptoms of an injury caused by the alleged negligence more than two years before his suit was filed." Id. We granted certiorari to determine whether, in reaching its conclusion, the Court of Appeals erred by utilizing the "new injury" exception to the general rule for determining commencement of the limitations period in negligent misdiagnosis cases, even though this case does not involve a misdiagnosis. See *Cleaveland v. Gannon*, 284 Ga. 376 (667 SE2d 366) (2008); *Amu v. Barnes*, 283 Ga. 549 (662 SE2d 113) (2008); *Baskette v. Atlanta Center for Reproductive Medicine*, 285 Ga. App. 876, 878 (1) (648 SE2d 100) (2007). For the reasons set forth below, we answer this question affirmatively.

In summarized form,[1] the facts of this case show that Lee was diagnosed with prostate cancer, and, following a referral, he was treated by McCord, a radiation oncologist approved by Lee's insurance carrier. A physicist employed by AOA developed Lee's treatment plan, which required the implantation of radioactive seeds in his prostate, and McCord executed the treatment procedure on December 28, 2001. On March 14, 2002, the physicist reviewed an image of Lee's prostate and determined that the seeds had not been properly positioned. Although Lee's prostate specific antigen levels initially lowered after the procedure, they subsequently rose until, in August 2004, doctors other than McCord performed a second radioactive seed implant to treat Lee's cancer. A board-certified radiation oncologist testified that the dose of radiation delivered to Lee in

---

[1] The Court of Appeals' decision contains an exhaustive review of the facts of this case. *Lee*, supra, 292 Ga. App. at 708-712.

December 2001 was "considerably less than the targeted dose," and that McCord breached the applicable standards of care by improperly placing the seeds inside and outside Lee's prostate and by failing to advise Lee or his treating urologist promptly about the improper placement. The oncologist further opined that the misplaced radioactive seeds delivered unnecessary radiation to healthy tissue inside and outside Lee's prostate.

Considering these facts, the Court of Appeals expressly found that this was not a misdiagnosis case, but it nonetheless treated the matter as a "new injury" case, a concept specific to the jurisprudence of misdiagnosis cases. The Court of Appeals reasoned that

> [t]he misdiagnosis cases are useful in that, while they discuss an "exception" to the two-year statute, they are simply applying the basic rule that the statute begins to run when the injury occurs, which is not necessarily the same time the malpractice is committed. As Lee's is a new injury case, "the operative question is: When did symptoms of the injury caused by the [alleged malpractice] first manifest themselves to [Lee]?" *Brown v. Coast Dental of Ga.*, 275 Ga. App. 761, 766 (1) (622 SE2d 34) (2005).

*Lee*, supra, 292 Ga. App. at 713 (1). This conclusion is misplaced.

In general, OCGA § 9-3-71 (a) provides: "an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." In most cases of negligent treatment and in most cases of misdiagnosis, the statute of limitation for medical malpractice will begin running at the time of the treatment or misdiagnosis. That is the time that the injury generally occurs. For example, with regard to misdiagnosis cases, we have explained that

> "the injury begins immediately upon the misdiagnosis due to pain, suffering, or economic loss sustained by the patient from the time of the misdiagnosis until the medical problem is properly diagnosed and treated. The misdiagnosis itself is the injury and not the subsequent discovery of the proper diagnosis. [Cit.]" [Cit.] Thus, in most misdiagnosis cases, the two-year statute of limitations . . . begin[s] to run simultaneously on the date that the doctor negligently failed to diagnose the condition and, thereby, injured the patient.

*Kaminer v. Canas*, 282 Ga. 830, 831-832 (1) (653 SE2d 691) (2007).

Contrary to the finding of the Court of Appeals, the "new injury" rule, which has been developed specifically in the context of

misdiagnosis cases, is a true exception to the two-year statute of limitations for medical malpractice actions. This exception, which focuses on the point at which a new injury becomes manifest, was developed due to the inherent difficulty of determining the actual point in time at which a new injury following a misdiagnosis occurred. We have explained:

> [T]he focus on manifested symptoms is intended to serve as a straight-forward analytic tool for identifying the date when the new injury actually arose, given the difficulty, if not impossibility, in many cases of accurately pinpointing that date, given that the new injury arises at some time between the misdiagnosis and the correct diagnosis, when the patient is not experiencing symptoms. Thus, the "new injury" exception is entirely consistent with the statutory requirement that the statute of limitations commence on the date of injury, even if the patient is not aware of either the cause of the pain or of the connection between the symptoms and the negligent act or omission.

(Citations and punctuation omitted.) *Amu*, supra, 283 Ga. at 554.

In expanding the limited "new injury" exception into a universal standard for medical malpractice cases, the Court of Appeals cited our holding in *Amu* as follows: "A patient suffers a 'new injury' if he or she has a relatively benign and treatable precursor medical condition which . . . is left untreated and subsequently develops into a much more serious and debilitating condition. [Cit.]" *Lee*, supra, 292 Ga. App. at 714 (1). The Court of Appeals' omission in this citation makes a critical difference, however. The full quote from *Amu* in its proper context reads as follows:

> The "new injury" exception applies only "in the most extreme circumstances." *Burt v. James*, 276 Ga. App. 370, 374 (623 SE2d 223) (2005). "In order for this exception to apply, not only must there be evidence that the [patient] developed a new injury, but [he or she] also must 'remain( ) asymptomatic for a period of time following the misdiagnosis.' [Cit.]" *Amu v. Barnes*, [286 Ga. App. 725, 729 (1) (650 SE2d 288) (2007)].
>
> A patient suffers a "new injury" if he or she has a relatively benign and treatable precursor medical condition which, *as a proximate result of being misdiagnosed*, is left *untreated* and subsequently develops into a much more serious and debilitating condition. See *Whitaker v. Zirkle*,

188 Ga. App. 706, 707 (1) (374 SE2d 106) (1988) (mole, which was removed, but negligently misdiagnosed as non-malignant, developed into metastatic cancer). Compare *Kaminer v. Canas*, supra (patient never developed new medical condition, but only experienced worsening symptoms of his originally misdiagnosed AIDS condition).

(Emphasis supplied.) *Amu*, supra, 283 Ga. at 552. This full quotation makes it clear that the "new injury" rule is limited to misdiagnosis cases involving a very discreet set of circumstances. Therefore, the Court of Appeals erred by grafting the "new injury" rule onto all malpractice actions.

Moreover, even if the "new injury" exception to misdiagnosis cases were applicable, this would still not be a "new injury" case. The "new injury" exception

is not applicable when the "evidence demonstrates only that [the patient's] existing condition was misdiagnosed and mistreated, and that condition was the *same one* that existed at the time [he or she] first sought treatment from [the doctor]." (Emphasis supplied.) *Kane v. Shoup*, 260 Ga. App. 723, 725 (1) (580 SE2d 555) (2003). "If [the patient's subsequent] symptoms were symptoms of the same injury that existed at the time of the alleged misdiagnosis, then the claim is barred by the two-year limitation[s] period." *Kitchens v. Brusman*, 280 Ga. App. 163, 165 (2) (633 SE2d 585) (2006).

*Amu*, supra, 283 Ga. at 552. As the Court of Appeals itself found, "Lee was diagnosed with prostate cancer, he was treated for prostate cancer, and he still has prostate cancer." *Lee*, supra, 292 Ga. App. at 713 (1).

Accordingly, the Court of Appeals erred by applying the "new injury" rule applicable to misdiagnosis cases in this matter. For this reason, we must reverse the judgment and remand this case to the Court of Appeals for a reconsideration of its statute of limitation analysis in Division 1 of its opinion.[2]

*Judgment reversed and case remanded with direction. All the Justices concur, except Hunstein, C. J., and Benham, J., who dissent.*

HUNSTEIN, Chief Justice, dissenting.

Contrary to the conclusion of the majority, I believe the Court of

---

[2] We do not reach Division 2 of the Court of Appeals' opinion regarding the tolling of the statute of limitations by fraud.

Appeals has adopted a legally sound, well-reasoned approach in addressing the circumstances presented in this case.

As both the majority and the Court of Appeals have noted, the so-called "new injury exception" was developed in misdiagnosis cases to accommodate situations in which a misdiagnosis results in the failure to treat a benign condition which remains latent and later develops into a more serious, less treatable condition. In such situations, we have deviated from the rule equating, for statute of limitations purposes, the "injury" with the misdiagnosis, on the logic that in those instances

> the deleterious result of [the misdiagnosis] is not pain or economic loss that the patient suffers beginning immediately and continuing until the original medical condition is properly diagnosed and treated. Rather, the injury is the subsequent development of the other condition.

(Citations and punctuation omitted.) *Cleaveland v. Gannon*, 284 Ga. 376, 377 (1) (667 SE2d 366) (2008). Thus,

> [t]he "new injury" exception is an attempt to reconcile the statute's requirement that the period of limitations commence[s] on the date of the patient's "injury," on the one hand, with a recognition, on the other, that not all "injuries" are necessarily the immediate consequence of a physician's negligent misdiagnosis.

*Amu v. Barnes*, 283 Ga. 549, 551-552 (662 SE2d 113) (2008).[3] As the Court of Appeals explained, the new injury exception "simply appl[ies] the basic rule that the statute begins to run when the injury occurs, which is not necessarily the same time the malpractice is committed." *Lee v. McCord*, 292 Ga. App. 707, 713 (1) (665 SE2d 414) (2008).

Just as in a misdiagnosis case, this case presents the situation in which the act of alleged medical negligence yielded no immediate manifestations of injury or other adverse consequence. Thus, the rationale underlying the use of the new injury exception in misdiagnosis cases would apply equally in this scenario. In utilizing the new injury exception here, the Court of Appeals simply extended its reasoning to a situation entirely analogous to that for which it was originally conceived. Rather than embrace the simple logic in the

---

[3] Thus, contrary to the majority's characterization, the new injury exception is *not* an exception to the two-year statute of limitations for medical malpractice actions but rather is an exception to the "misdiagnosis equals injury" rule in misdiagnosis cases.

Court of Appeals' analysis, the majority rejects this approach in the apparent belief that misdiagnosis cases constitute a category so distinct from other malpractice cases that the rules applicable thereto are by definition ill-suited to other contexts. Because I fail to discern this distinction, I disagree with the majority's categorical refusal to consider applying the new injury exception herein.

As we have recently affirmed, the new injury exception applies only where the patient develops a new injury, independent of a relatively benign and treatable precursor condition, after having experienced an asymptomatic period between the time of the medical negligence and the onset of symptoms of the new injury.[4] *Amu*, supra, 283 Ga. at 552. Here, Lee clearly suffered a new injury as the result of the unsuccessful initial procedure, in the form of the development of metastatic cancer. See *Cleaveland*, supra, 284 Ga. at 378-379 (1) (new injury where treatable kidney cancer metasticized); *Amu*, supra, 283 Ga. at 552 ("[plaintiff's] metastatic cancer is a 'new injury'"); *Whitaker v. Zirkle*, 188 Ga. App. 706 (1) (374 SE2d 106) (1988) (metastatic cancer constituted new injury). In addition, there was evidence that Lee exhibited no symptoms of his new injury until Spring of 2004, more than two years after the allegedly unsuccessful procedure performed by McCord. Under these circumstances, I agree with the Court of Appeals that the trial court erred in granting summary judgment to McCord based on the expiration of the statute of limitations. Accordingly, I would affirm the judgment of the Court of Appeals, and I must respectfully dissent.

I am authorized to state that Justice Benham joins in this dissent.

DECIDED OCTOBER 19, 2009 —
RECONSIDERATION DENIED NOVEMBER 23, 2009.

*Paul E. Weathington, Wayne D. Toth, Charles M. Smith*, for appellants.

---

[4] Despite the majority's characterization of the extension of the new injury exception as the creation of a "universal standard for medical malpractice cases," (Majority Opinion at 181), the fact remains that, even under the Court of Appeals' approach, the exception would continue to apply only in the limited circumstances under which it has always applied, i.e., where there is a truly "new" injury and an intervening asymptomatic period. See, e.g., *Burt v. James*, 276 Ga. App. 370, 374 (623 SE2d 223) (2005) ("limited exception" applies only in "extreme circumstances" involving new injury and asymptomatic period); *Harrison v. Daly*, 268 Ga. App. 280, 284 (601 SE2d 771) (2004) ("the limited exception for subsequent injury cases . . . is confined to those in which the plaintiff remains asymptomatic for a period of time following the misdiagnosis"). Thus, the applicability of the exception would hardly be "universal."

*Lamar, Archer & Cofrin, Robert C. Lamar, Keith A. Pittman, Katherine A. Eichelberger*, for appellees.