DILLARD, Judge,
dissenting.
I respectfully dissent. The majority holds that Danson has abandoned her time-barred claim for medical malpractice related to the surgery performed on February 28,2011.1 disagree. And because Danson filed her complaint more than two years after the date that her complained-of injury occurred, her claims were time-barred as a matter of law. Thus, summary judgment should have been granted to Smith, and the trial court erred in granting Danson’s motion for reconsideration from its initial dismissal of the complaint.
The majority opinion correctly recites the allegations made in Danson’s initial pleadings, the arguments in Smith’s motion for summary judgment, and the various responses. Nevertheless, the majority is untroubled by the repeated contradictions within Dan-son’s pleadings and responses. Indeed, in Danson’s second brief in response to Smith’s motion for summary judgment, Danson contends that the statute of limitation began to run on March 16, 2011, when Smith failed to diagnose anything other than gas. But notwithstanding Danson’s supposed clarification that she was “not seeking to recover damages for the injury of the bladder but the delay in diagnosis or the misdiagnosis of the bladder injury . . . ,” she inexplicably admits, yet again, that the complaint was filed outside of the two-year statute of limitation period. And Danson then reprises her argument that Smith’s fraud tolled the running of the limitation period when she “was defrauded by Dr. Smith in an effort to prevent *872 [her] from uncovering the errors that Dr. Smith had made will [sic] performing the hysterectomy procedure.”[3]
Additionally, in Danson’s second amended complaint, in which she removes the allegation that Smith failed to give informed consent, she continues to allege in her medical-malpractice/negligence claim that Smith “injured [her] right ureter during the hysterectomy procedure.” Danson also alleges that Smith “either failed to diagnose [Danson’s] right ureter injury postoperatively or purposely misrepresented the cause of [Danson’s] complaints” and “either failed to recognize or purposely misrepresented [Danson’s] abdominal distention was due to development of ascites.” And, of course, in this complaint, Danson continues to maintain the prior allegations for her claim of fraud.
Then, following the untranscribed hearing on Smith’s motion, Danson took Smith’s deposition before both parties filed supplemental briefs on the motion. Smith’s supplemental brief represents that “[a]t the hearing, [Danson] argued that the deposition of Dr. Smith was needed in order to defend against the [mjotion, primarily, to prove fraud in order to avoid dismissal due to the filing after the expiration of the statute of limitation.”[4] And Danson did not respond to or counter this assertion in her supplemental brief, which was filed over one week later.
Despite these rampant contradictions and repeated allegations of an injury sustained during surgery, the majority believes the trial court properly granted Danson’s motion for reconsideration by concluding that the statute of limitation began to run on March 16, 2011, as opposed to February 28, 2011.1 disagree.
To begin with, the purpose of a statute of limitation is “to limit the time period in which certain types of actions may be brought and thereby provide a date certain after which potential defendants can no longer be held liable for claims brought in such actions.”[5] In this respect, a statute of limitation serves “the legitimate public policy goal of promoting justice and furthering the certainty of time limitations while preventing unfair surprise”;[6] and prescribing these periods of limitation is, of course, “a legislative, not a judicial, function[.]”[7]
*873 OCGA § 9-3-71 contains the relevant limitation period for actions for medical malpractice, providing that such actions “shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred.”[8] In Georgia an “action for medical malpractice” is any claim for damages that result from “the death of or injury to any person arising out of [ ]... [h] ealth, medical, dental, or surgical service, diagnosis, prescription, treatment, or care rendered by a person authorized by law to perform such services or by any person acting under the supervision and control of a lawfully authorized person . . . ”[9]
In most cases of negligent treatment or misdiagnosis, “the statute of limitation for medical malpractice will begin running at the time of the treatment or misdiagnosis.”[10] Thus, in cases of alleged negligent treatment, “the statute of limitation for medical malpractice will begin running at the time of the treatment,”[11] which is “the time that the injury generally occurs ”[12] But in cases of misdiagnosis, “the two-year statute of limitation[ ] and the five-year statute of repose begin to run simultaneously on the date that the doctor negligently failed to diagnose the condition and, thereby, injured the patient ”[13] In sum, our Supreme Court has concluded that “[t]he true test to determine when the cause of action accrued is to ascertain the time when the plaintiff could first have maintained his action to a successful result.”[14]
Here, Smith presented evidence that Danson’s medical-malpractice claim was time-barred when Danson filed suit for medical malpractice on March 14, 2013, and repeatedly supported her claim by asserting that, in addition to later failing to diagnose the error, Smith injured Danson during surgery on February 28, 2011. In *874 response to Smith’s assertion that the claims were time-barred, Danson initially attempted to show that the statute of limitation had been tolled by fraud when she asserted that Smith knew she had injured Danson during surgery but concealed her error by continuously diagnosing Danson with gas. Then, Danson later attempted to salvage her complaint by contending that it did not contain an allegation of malpractice based upon an injury sustained during surgery but instead only made a claim for misdiagnosis. But notwithstanding this contention, Danson continued to maintain that Smith committed fraud, which tolled the statute of limitation. Thus, Dan-son’s argument on appeal, which the majority accepts, is belied by the allegations contained in every single one of her complaints and subsequent filings.
Indeed, under the Civil Practice Act, “any pleading which sets forth a claim for relief . . . shall contain [ ] . . . [a] short and plain statement of the claims showing that the pleader is entitled to relief. . . .”[15] Additionally, all averments of a claim must be made in numbered paragraphs, “the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances.”[16] And each claim that is “founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth.”[17] Here, in each of her three complaints, Danson asserts a claim for medical malpractice supported by averments that Smith injured Danson’s right ureter during the hysterectomy.[18]
The trial court, in granting Danson’s motion for reconsideration and denying summary judgment to Smith on the claim for medical malpractice, appears to have concluded that Danson’s complaint did not assert a claim for malpractice based upon anything that occurred during the surgery. And, of course, the majority reaches this same conclusion. For its part, the trial court’s order noted that Danson’s expert-affidavit[19] did not “state that the injury to the ureter was *875 negligent” and that Smith’s “contention that there was no negligence in the course of the surgery is unrebutted.” But these are different considerations from whether or not Danson, in her complaint, asserted a claim of medical malpractice for an injury allegedly sustained during the surgery.[20] Nevertheless, the majority maintains that “[t]he fact that a plaintiff suffers an unintended injury, particularly one that is a known risk such as the injury here, does not amount to medical malpractice, absent a breach of the standard of care.” (Maj. op. at 870.) But a review of Danson’s expert-affidavit, which largely tracked the exact language of the complaint, shows that the affiant opined, inter alia, that Smith “injured [Danson’s] right ureter during the hysterectomy procedure on February 28,2011” and then “failed to diagnose [Danson’s] right ureter injury post operatively.”
In conclusion, it is manifestly evident from a review of each of Danson’s complaints that she made (and continued to make) a claim for medical malpractice based upon allegations that Smith injured her during the February 28, 2011 surgery. Thus, the statute of limitation had already expired when she filed her initial complaint on March 14, 2013 — two years and eleven days after the date that she sustained the injury.[21] Danson’s assertion of a claim for medical malpractice based upon a failure to diagnose the injury she received during the surgery could not salvage her complaint. Indeed, her claim as to an alleged misdiagnosis is inextricably linked to the injury she claims to have sustained during surgery — both in terms of how she singularly pleaded the claim[22] and as a matter of fact.[23] And as our *876 Supreme Court has explained, “the statute of limitations on a medical malpractice claim . . . begins on the date of the patient’s injury.”[24]
Decided November 20, 2015.
Carlock, Copeland & Stair, Wayne D. McGrew III, Heather H. Miller, for appellants.
Bonner & Penn, Nikki G. Bonner, for appellees.
Accordingly, for all of the foregoing reasons, I would reverse the trial court’s grant of Danson’s motion for reconsideration and direct the court to grant summary judgment in favor of Smith.
I am authorized to state that Judge Ray joins in this dissent and Judge McMillian concurs in the judgment only of this dissent.

 Emphasis supplied.

 Emphasis supplied.

 U.S. Fid. & Guar. Co. v. Rome Concrete Pipe Co., Inc., 256 Ga. 661, 663 (353 SE2d 15) (1987); see also Young v. Williams, 274 Ga. 845, 847-48 (560 SE2d 690) (2002).

 Martin v. Herrington Mill, Inc., 316 Ga. App. 696, 701 (730 SE2d 164) (2012) (punctuation omitted); accord Walker v. Brannan, 243 Ga. App. 235, 239 (533 SE2d 129) (2000).

 Young, 274 Ga. at 848; see also Kaminer v. Canas, 282 Ga. 830, 838 (4) (653 SE2d 691) (2007) (“We find OCGA § 9-3-71 (a) to be an extremely harsh limitation in application because *873 it has the effect, in many cases,... of cutting off rights before there is any knowledge of injury. Nonetheless, the legislature has the power, within constitutional limitations, to make such provisions.” (punctuation omitted)).

 OCGA § 9-3-71 (a).

 OCGA § 9-11-8 (a) (1) (A).

 McCord v. Lee, 286 Ga. 179, 180 (684 SE2d 658) (2009).

 Beamon v. Mahadevan, 329 Ga. App. 685, 687 (1) (766 SE2d 98) (2014) (punctuation omitted) (quoting McCord, 286 Ga. at 180).

 Id. (punctuation omitted) (quoting McCord, 286 Ga. at 180).

 Kaminer, 282 Ga. at 832 (1); see also id. at 831-32 (1) (holding that in cases of misdiagnosis, “the injury begins immediately upon the misdiagnosis due to pain, suffering, or economic loss sustained by the patient from the time of the misdiagnosis until the medical problem is properly diagnosed and treated” and that “[tjhe misdiagnosis itself is the injury and not the subsequent discovery of the proper diagnosis” (punctuation omitted)); Frankel v. Clark, 213 Ga. App. 222, 223 (444 SE2d 147) (1994).

 Kaminer, 282 Ga. at 833 (1) (punctuation omitted); accord Beamon, 329 Ga. App. at 687 (1).

 OCGA § 9-11-8 (a) (2) (A).

 OCGA § 9-11-10 (b).

 Id. (emphasis supplied).

 Cf. Johnson v. Jones, 327 Ga. App. 371, 375-76 (2) (759 SE2d 252) (2014) (holding that trial court properly found that claim was time-barred when the gravamen of claim for breach of fiduciary duties was an alleged failure to correctly read an ultrasound and reach proper diagnosis, and accordingly, the claim “amounted to a claim of negligence that went to the propriety of [the defendant’s] medical skill and judgment”).

 See OCGA § 9-11-9.1 (a) (“In any action for damages alleging professional malpractice . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.”).

 See OCGA § 9-11-9.1 (e) (“If a plaintiff files an affidavit which is allegedly defective, and the defendant to whom it pertains alleges, with specificity, by motion to dismiss filed on or before the close of discovery, that said affidavit is defective, the plaintiff’s complaint shall be subject to dismissal for failure to state a claim____”); OCGA § 9-11-56 (c) (“The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law; but nothing in this Code section shall be construed as denying to any party the right to trial by jury where there are substantial issues of fact to be determined. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damage.”).

 See OCGA § 9-3-71 (a) (“[A]n action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred.”).

 See OCGA § 9-11-10 (b) (providing that “[e]ach claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth”).

 Cf. Deen v. Pounds, 312 Ga. App. 207, 211 (1) (718 SE2d 68) (2011) (holding that there was “no evidence in the record to support [appellant’s] contention that [the doctor] committed a separate act of negligence by continuing to prescribe Reglan” and that “[the doctor’s] alleged failure to correct any previous negligence does not constitute additional acts of negligence” (punctuation omitted)); Goodman v. Satilla Health Servs., 290 Ga. App. 6, 8 (658 SE2d 792) (2008) (holding that there was “no evidence in the record to support [appellant’s] contention *876 that [the doctor] committed a separate act of negligence by continuing to prescribe Coumadin” and that “[the doctor’s] alleged failure to correct any previous negligence does not constitute additional acts of negligence”).

 Kaminer, 282 Ga. at 834 (1) (citation omitted) (emphasis supplied); see also Young, 274 Ga. at 847-48 (“While Georgia had such a medical malpractice statute of limitation from 1976-1985, the period of limitation under the current statute begins with the occurrence of an injury, not the performance of a negligent act.”). Cf. Lyon v. Schramm, 291 Ga. App. 48, 49 (661 SE2d 178) (2008) (“[U]nlike the statute of limitation, the [medical malpractice] statute of repose begins to run when an act of negligence is committed.”), affirmed by Schramm v. Lyon, 285 Ga. 72 (673 SE2d 241) (2009).